[Civ. No. 63044. Second Dist., Div. Four. June 28, 1982.]

COUNTY OF VENTURA, Plaintiff and Respondent, v.
JOYCE TILLETT, Defendant and Appellant.

COUNSEL

Barbara Jean Penny for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Asistant Attorney General, Norman H. Sokolow and Andrew D. Amerson, Deputy Attorneys General, Michael D. Bradbury, District Attorney, and Robert J. Bayer, Deputy District Attorney, for Plaintiff and Respondent.

OPINION

**KINGSLEY, Acting P. J.**—Defendant appeals from an order of the superior court denying defendant's motion to set aside and vacate the judgment. We reverse the order and remand the case with directions.

### Summary of Facts

On December 4, 1978, the County of Ventura filed a complaint in the Ventura County Superior Court against defendant, Joyce Tillett, and on January 12, 1978, served defendant with a copy of the summons and complaint. The complaint sought reimbursement of welfare funds which the county had provided in support of defendant's two minor children and requested an order that defendant continue to make monthly child support payments to the county.

In response to the complaint, on January 18, 1979, defendant went to the office of the Ventura County District Attorney. At that time, defendant explained that she had doubts about her responsibility for reimbursing the county because there was a pending order in the County of Los Angeles for her husband to pay child support. She also explained that she was unemployed and could not afford to make any payments. After this discussion, defendant signed a "Judgment for Child Support and Reimbursement of Welfare Funds by Stipulation." Defendant says that she signed this document because she was afraid that, if she did not sign, she would go to jail and lose her insurance license which she had recently obtained.

The stipulated judgment, filed January 26, 1979, called for defendant to pay $1,148 to the county in monthly installments of $5 as reimburse-

ment for the money which the county had provided in support of defendant's children. Further, the judgment required that defendant continue to pay $100 per month for child support (i.e., $50 per month per child). The defendant did not have the assistance of counsel in negotiating any of the terms of the agreement for stipulated judgment, nor did the agreement itself contain language indicating that defendant had waived any offer by the county to provide counsel.

On August 27, 1979, the county filed an order to show cause re contempt against the defendant for nonpayment of child support. On October 12, 1979, defendant appeared before the superior court in propria persona and entered a plea of guilty to four counts of contempt. She was found guilty by the court and was placed on summary probation for a period of 12 months on the condition that she pay the child support as originally ordered by the court and that she also pay $25 per month toward the arrears on the $1,148 on judgment. The minutes of the proceedings indicate that defendant was advised of the nature of the proceedings and of her right to a trial and representation of counsel, and that defendant waived those rights.

On August 6, 1980, the county filed a declaration re probation violation against the defendant for noncompliance with the terms of probation (i.e., nonpayment of child support and the arrears). On October 31, 1980, defendant, now represented by counsel,[1] filed a motion to set aside and vacate the original stipulated judgment on the ground that the judgment was unconstitutional in that defendant did not have representation of counsel in entering into the stipulation. Defendant also claimed that the judgment had been obtained through extrinsic fraud, mistake or accident which prevented defendant from presenting a meritorious defense. The court denied the motion and defendant appeals.

I

We begin by examining the appealability of the superior court's order denying defendant's motion to set aside the judgment of January 26, 1979. Although this issue has not been raised by the parties, the question is jurisdictional, and we must dismiss the appeal on our own motion if the order is not appealable. (*Redevelopment Agency* v. *Goodman* (1975) 53 Cal.App.3d 424, 429 [125 Cal.Rptr. 818].) We decide this issue according to the rule that no judgment or order is appealable un-

---

[1] We are advised by counsel that she has not been paid a fee for her representation on the motion or in this court.

less expressly so declared, i.e., unless it comes within one of the classes enumerated in the main statutes or is made appealable by a specific statute. (See 6 Witkin, Cal. Procedure (2d ed. 1971) p. 4045; see also *Jasper Constr., Inc.* v. *University Casework Systems, Inc.* (1974) 39 Cal.App.3d 582, 585 [114 Cal.Rptr. 143].)

The appeal is from an order denying defendant's motion to vacate a stipulated judgment. ■ Generally, an order denying a motion to vacate a judgment is not appealable, since such an appeal would be the equivalent of allowing two appeals from the same judgment. (See generally 4 Cal.Jur.3d, Appellate Review, § 51 at p. 88.) However, the motion was based on the contention that the judgment is constitutionally invalid. Since a court of this state does not have jurisdiction to render a judgment that violates the California Constitution or the Constitution of the United States, the defendant's argument is, essentially, that the superior court's judgment was in excess of jurisdiction. (Code Civ. Proc., § 410.10; *Yoakum* v. *Small Claims Court* (1975) 53 Cal.App.3d 398, 401-402 [125 Cal.Rptr. 882]; *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 287-291 [109 P.2d 942, 132 A.L.R. 715].) ■ A judgment is void on its face if the court which rendered the judgment lacked personal or subject matter jurisdiction or exceeded its jurisdiction in granting relief which the court had no power to grant. (*Becker* v. *S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 493 [165 Cal.Rptr. 825, 612 P.2d 915]; *Jones* v. *World Life Research Institute* (1976) 60 Cal.App.3d 836, 840-848 [131 Cal.Rptr. 674].) If the judgment is void, it is subject to collateral attack. (*Craft* v. *Craft* (1957) 49 Cal.2d 189, 192 [316 P.2d 345].) One method of such an attack is a subsequent motion to vacate or set aside the judgment as void. (Code Civ. Proc., § 473.) The motion may be filed at any time after judgment. (*Security Pac. Nat. Bank* v. *Lyon* (1980) 105 Cal.App.3d Supp. 8, 13 [165 Cal.Rptr. 95], citing *Hayashi* v. *Lorenz* (1954) 42 Cal.2d 848, 851 [271 P.2d 18]; see also *Craft* v. *Craft, supra*, 49 Cal.2d at p. 192.) **(1b)** The order denying or granting the motion is a special order made after entry of judgment, and it may be directly attacked on appeal under Code of Civil Procedure section 904.1, subdivision (b). (*Winslow* v. *Harold G. Ferguson Corp.* (1944) 25 Cal.2d 274, 282 [153 Cal.Rptr. 714]; see also *Eveleth* v. *American Brass & Iron Foundry* (1962) 203 Cal.App.2d 41, 44 [21 Cal.Rptr. 95].) The reason for allowing the appeal is that an order giving effect to a void judgment is also void and is subject to attack. (*Security Pac. Nat. Bank* v. *Lyon, supra*, 105 Cal.App.3d at p. 13.) Thus, when an appellant attacks an order on the ground that it gives effect to a judgment that is void for lack of ju-

risdiction by the trial court, the general rule prohibiting appeal does not apply. It is a special order, and it may be appealed if the underlying judgment was appealable. (Code Civ. Proc., § 904.1, subd. (b).) It is necessary, therefore, to determine whether the stipulated judgment was appealable.

## II

■ A judgment is not appealable unless it is final in the sense that it decides the rights and duties of the parties and terminates the litigation. (*Maier Brewing Co.* v. *Pacific Nat. Fire Ins. Co.* (1961) 194 Cal.App. 2d 494 [15 Cal.Rptr. 177].) Here, the underlying judgment was entered pursuant to stipulation. Under the terms of the stipulation, the defendant had the continuing right to seek a modification of the amount of child support depending upon a change in any relevant circumstances. When a court has the power to modify orders for the support of children in light of the circumstances existing at the time the application is made, an order for child support payments pursuant to such power is not usually considered a final judgment in the sense of it being a final adjudication of the rights and duties of the parent and minor child. (*Rosher* v. *Superior Court* (1937) 9 Cal.2d 556, 559 [71 P.2d 918].) However, if the temporary order directs payment of money or performance of an act, the order is substantially the same as a final judgment in an independent proceeding, and a direct appeal may be taken. This constitutes a necessary exception to the one final judgment rule. (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368 [134 Cal.Rptr. 197, 556 P.2d 297], and cases cited therein.) We conclude that the present appeal is permissible under Code of Civil Procedure section 904.1, subdivision (b) as an appeal from an order made after an appealable judgment. We therefore reach the merits of defendant's claims.

## III

Defendant claims that the order denying her motion to vacate the judgment should be reversed for three reasons:

1. Defendant argues that the stipulated judgment is constitutionally invalid because she did not voluntarily, knowingly and intelligently enter the stipulation due to the failure of the county to provide her with assistance of counsel.

2. Defendant argues that the judgment should be vacated because the county fraudulently, mistakenly or accidentally prevented her from ob-

taining a fair adversary trial by giving her erroneous advice as to her possible defenses.

3. Defendant argues that the trial court erred in its decision of child support in that defendant did not have the ability to make support payments at the time she entered the stipulated judgment.

The first and second of defendant's arguments essentially make the same point, namely, that the judgment should be vacated because defendant did not voluntarily, knowingly and intelligently waive her right to counsel and to trial. Since we conclude that we must reverse and remand the case on that ground, we need not, and do not, consider the third contention. ■ Where, as here, a judgment is void, it must be set aside and no affidavit of merits or other showing of a defense is required. (*Montgomery* v. *Norman* (1953) 120 Cal.App.2d 855, 858 [262 P.2d 360].)

■ In a contested proceeding, no court may render judgment without conforming to the constitutional guarantees which afford due process of law. (See *Estate of Buchman* (1954) 123 Cal.App.2d 546, 559-560 [267 P.2d 73, 47 A.L.R.2d 291].) Due process requires that all parties be notified of the facts and issues in dispute, that each party be afforded a fair opportunity to present evidence in open court, and that judgment be rendered based on an evaluation of the evidence on each side, findings of fact and conclusions of law.

In an uncontested proceeding, a court may not enter a final judgment depriving a party of property unless there has been some form of notice to the party and a hearing. (*Isbell* v. *County of Sonoma* (1978) 21 Cal.3d 61, 68 [145 Cal.Rptr. 368, 577 P.2d 188].) Since a stipulated judgment authorizes entry of judgment without a hearing and without further notice until after judgment has been entered against the defendant, we view it as a form of confession of judgment. (See, e.g., *County of Ventura* v. *Castro* (1979) 93 Cal.App.3d 462, 469 [156 Cal.Rptr. 66].) It is constitutional only if it constitutes a valid waiver of the debtor's due process rights. (*Isbell* v. *County of Sonoma, supra*, 21 Cal.3d at p. 68; see also *D. H. Overmyer Co.* v. *Frick Co.* (1972) 405 U.S. 174, 184-188 [31 L.Ed.2d 124, 133-135, 92 S.Ct. 775].)

This was an uncontested proceeding. Defendant did not answer the county's complaint. Instead, defendant signed a document entitled "Judgment for Child Support and Reimbursement of Welfare Funds by

Stipulation." Accordingly, the judgment in this case is void, unless defendant knowingly, intelligently and voluntarily waived her right to due process.

In *County of Ventura* v. *Castro, supra*, 93 Cal.App.3d 462, we examined a judgment similar to the one in this case. In *Castro*, however, no civil action had been filed. The agreement for judgment was entered without action according to the terms worked out between the district attorney and the noncustodial parent under the provisions of section 11476.1 of the Welfare and Institutions Code. After examining the agreement, we found that it made no mention of whether the defendant understood his right to a trial on the issues of paternity and child support and whether he freely gave up that right. Since the statute neither required nor provided an opportunity for a judicial determination of the validity of any constitutional waiver, we concluded that the statute was constitutionally defective. Accordingly, the Legislature amended the statute, and it now requires that, before entry of judgment, the defendant must be advised by counsel as to the terms of the agreement or must be granted a hearing by a judge of the court to determine that, under the circumstances of the particular case, the defendant willingly, voluntarily and knowingly waived his or her due process rights. (Welf. & Inst. Code, § 11476.1 as amended by Stats. 1980, ch. 682.)

Our decision in *Castro* was limited to cases concerning entry of judgment without action. Here, the district attorney commenced a civil action under Welfare and Institutions Code section 11350 and served a copy of the summons and complaint on the defendant. Thereafter, the defendant signed a document for entry of judgment by stipulation. Thus, we are now presented with the issue of whether a stipulated judgment in a civil action under Welfare and Institutions Code section 11350 requires a judicial determination of the validity of any constitutional waiver. We conclude that it does.

Agreements for the entry of judgment by stipulation are recognized as a valid procedure. In fact, there is specific statutory authority for such a process. (See Code Civ. Proc., § 664.6.) Nevertheless, defendant argues that the stipulated judgment against her should be vacated because she did not voluntarily, knowingly and intelligently enter into the stipulation agreement due to her lack of assistance of counsel at the time she entered the agreement. Defendant claims that she had the constitutional right to assistance of counsel because the stipulated judgment carried with it the threat of incarceration. Defendant main-

tains that the trial court should have treated the case as a criminal matter and defendant should have been afforded the same rights as any other defendant in a criminal case.

Persons who settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard. (*Boddie v. Connecticut* (1971) 401 U.S. 371, 377 [28 L.Ed.2d 113, 118, 91 S.Ct. 780]; *Payne v. Superior Court* (1976) 17 Cal.3d 908, 914 [132 Cal.Rptr. 405, 553 P.2d 565].) This includes the right to appointed counsel under certain circumstances, regardless of whether the action is labeled civil or criminal. (*Salas v. Cortez* (1979) 24 Cal.3d 22, 27 [154 Cal.Rptr. 529, 593 P.2d 236] and cases cited therein.) Whether due process requires the appointment of counsel in a particular case depends on the interests involved and the nature of the proceedings.

■ An indigent defendant in a child support action prosecuted by the district attorney under Welfare and Institutions Code section 11350 is constitutionally entitled to appointment of free counsel to represent him. (*County of Los Angeles v. Superior Court* (1980) 102 Cal.App.3d 926, 929 [162 Cal.Rptr. 636].) Two of the most significant reasons for this rule are (1) the exposure of the defendant to a deprivation of property and liberty, and (2) the enormous disparity in bargaining power between indigent defendants and the state. (*Salas v. Cortez, supra,* 24 Cal.3d at pp. 28-31.) In the absence of such representation, the defendants in such actions are at a distinct disadvantage. As the Supreme Court in *Salas* said: "Unlike the ordinary civil litigant, appellants were opposed by the full resources of the state, marshalled on plaintiffs' behalf. Pursuant to a state and federal statutory scheme, designed to enforce the support obligations of absent parents, plaintiffs were represented by the district attorney. Further, these actions were prosecuted at public expense. . . . [¶] A judgment rendered in this manner is not only unfair, it is unreliable." (*Id.* at pp. 30, 31.) By "intervening heavily on behalf of one side in what has traditionally been a private dispute, the state has skewed the outcome of the case." (*Id.* at p. 31.)

The constitutional requirement of appointment of free counsel for indigent defendants in cases that are prosecuted by the state and that carry the threat of incarceration would be reduced to a nullity if the state is allowed to circumvent the requirement by executing stipulated judgments which do not demonstrate that the defendants have voluntarily, knowingly and intelligently waived the right to free counsel and to a trial. Accordingly, we believe that our reasoning in the *Castro* case is

applicable here. If the defendant has not had the assistance of counsel in entering a stipulated judgment with the state, and the judgment carries with it a threat of incarceration, there must be a judicial determination on the issue of waiver. (See *County of Ventura* v. *Castro, supra,* 93 Cal.App.3d at p. 471.) In the absence of such a determination, the judgment is void.[2]

The county argues that the defendant is not entitled to relief because she is guilty of laches in that more than one and a half years had passed from the entry of judgment in January of 1979, to October of 1980, when defendant moved to have the judgment vacated. (See *McCreadie* v. *Arques* (1967) 248 Cal.App.2d 39 [56 Cal.Rptr. 188].) In passing on this argument we must look to the extent of prejudice to the opposing party and to the reasonableness of the moving party in not filing the motion to vacate earlier. (*In re Marriage of Park* (1980) 27 Cal.3d 337, 345 [165 Cal.Rptr. 792, 612 P.2d 882].) In this case, no claim of prejudice has been articulated by the county. Although defendant waived her right to counsel at the contempt hearing, the speed with which she moved to vacate the judgment once she was convicted of contempt shows diligence. Slightly more than two weeks after the contempt hearing, she employed an attorney to file a motion to vacate the original judgment. This can scarcely be denominated inexcusable neglect.

The order denying defendant's motion to vacate the judgment is reversed. The case is remanded to the trial court with directions: (1) to enter an order granting that motion; (2) to allow defendant, properly represented by counsel, to file an answer to the complaint and to have a trial on the issues thus presented. Since defendant's present economic status cannot be determined on the record before us, the trial court shall determine whether she is now entitled to appointed counsel as an indigent. Defendant shall recover her costs in this court.

McClosky, J., and Amerian, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 22, 1982. Richardson, J., was of the opinion that the petition should be granted.

---

[2]Our reading of the *Isbell* decision leads us to the conclusion that, under the circumstances of the present case, the stipulated judgment may be declared void as unconstitutional. (*Isbell* v. *County of Sonoma, supra,* 21 Cal.3d at p. 75, fn. 9.)