[No. A018506. First Dist., Div. Five. Apr. 19, 1984.]

COUNTY OF ALAMEDA, Plaintiff and Respondent, v.
RODNEY DEAN MOSIER, Defendant and Appellant.

COUNSEL

James J. Phillips and Jarvis & McCardle for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Thomas A. Brady and Gloria F. DeHart, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

KING, J.— In this case we hold that judgments for paternity or child support, entered as a result of an agreement between the district attorney and a parent not represented by an attorney, are voidable if the unrepresented parent can establish that he or she was not advised by the district attorney of the right to trial on the questions of paternity and ability to support and that he or she was unaware of such rights and would not otherwise have executed the agreement. Rodney Dean Mosier appeals from an order denying his motion to set aside a stipulated judgment of paternity. We reverse the order.

On May 8, 1978, the County of Alameda filed a complaint against Mosier for reimbursement of public assistance and child support payments made for the benefit of a female child of whom Mosier was alleged to be the father. Mosier signed a stipulation for judgment on November 3, 1978, agreeing that the court could render a judgment of paternity. The court rendered a stipulated judgment of paternity in December 1978.[1]

On April 8, 1982, Mosier moved to set aside the judgment. He asserted in a supporting declaration that when he met with a representative of the family support division of the district attorney's office on November 3, 1978, he said that he doubted that he was the father, but the representative obtained his signature on the stipulation by informing him "that I was only agreeing that if I was the father and could support the child, then I would do so."[2] He asserted that he never had any other conversations about pa-

---

[1]The county filed a second, identical complaint against Mosier on November 12, 1980, to which Mosier filed an answer. Pursuant to the county's request this action was later dismissed. We take judicial notice of the documents in this action pursuant to Evidence Code section 452.

[2]With regard to the November 3 meeting the declaration stated in full: "On or about November 3, 1978, my father and I went to the office of the Family Support Division in Hayward. We met with a woman from the Family Support Division office who was very insistent that I sign a piece of paper she put in front of me. My father and I told her that since we were not represented by an attorney yet, we weren't going to sign anything. The woman kept trying to explain to me what the paper was, and she kept trying to get me to sign the paper. [¶] Finally, she asked me, 'If you were the father of the child, and if you had money, would you support the child?' I said that I would, but that I had doubts about whether I was the father. She basically told me that I was only agreeing that if I was the father and could support the child, then I would do so. On that basis, I signed the Stipulation for Judgment, and I left the Family Support Division office."

ternity or child support with any representative of the family support division. ▮ ▮▮▮ He also asserted that his educational background is very limited, that he was 19 years old and unrepresented by counsel on November 3, 1978, and that he did not learn of the nature of the 1978 stipulated judgment until early in 1982.[3]

In opposition to the motion the county submitted copies of log entries made by family support division employees who had interviewed Mosier. The entry for November 3, 1978, stated: "Dft in on cite—admits pat but no ability. Stip signed—to Legal for filing." An earlier entry on March 24, 1978, said that Mosier "stated that he doesn't think or doesn't know if he is the father or not . . . ."

▮ ▮▮▮ The court denied the motion, and Mosier appealed.[4]

▮ Mosier's first contention is that the court should have granted the motion because his supporting declaration demonstrated that he did not understand the stipulated admission of paternity, and that the family support division interviewer misrepresented the significance of the stipulation. This contention lacks merit. ▮ The motion to set aside the judgment was addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse of discretion the court's order will not be disturbed on appeal. (*In re Marriage of Guardino* (1979) 95 Cal.App.3d 77, 87 [156 Cal.Rptr. 883].) ▮ There was no such abuse of discretion here. Mosier's claim that he did not admit paternity on November 3, 1978, was contradicted by the family support division log entry for that date stating that Mosier "admits pat." His claim that he had no other conversations about paternity or child support with any representative of the family support division was contradicted by the family support division log entry for March 24, 1978. On the basis of these contradictions the court was justified in rejecting the allegations in Mosier's declaration.

---

[3]Mosier argues on appeal that the motion was timely. He asserts that the three-year statute of limitations for an action for relief on the ground of fraud or mistake was applicable (Code Civ. Proc., § 338, subd. 4), and that his "cause of action" did not accrue until he learned the nature of the stipulated judgment. However, Mosier did not pursue an independent action in equity, but sought relief by motion in the existing action. Consequently there was no applicable statute of limitations; the only time limit on the motion was that it was required to be made within a reasonable time, the determination of which was wholly within the court's discretion. (*Davis* v. *Davis* (1970) 185 Cal.App.2d 788, 792 [8 Cal.Rptr. 874]; see *Baske* v. *Burke* (1981) 125 Cal.App.3d 38, 45-46 [177 Cal.Rptr. 794].)

[4]The order denying the motion to set aside the judgment was appealable as a special order after final judgment. (*County of Ventura* v. *Tillett* (1982) 133 Cal.App.3d 105, 110-111 [183 Cal.Rptr. 741], cert. den. (1983) 460 U.S. 1051 [75 L.Ed.2d 929, 103 S.Ct. 1497], disapproved on another point in *County of Los Angeles* v. *Soto* (1984) 35 Cal.3d 483, 492 fn. 4 [198 Cal.Rptr. 779, 674 P.2d 750].)

■ Mosier also contends that the order denying the motion should be reversed because there was no judicial determination before entry of the stipulated judgment as to whether Mosier knowingly, intelligently, and voluntarily waived his right to counsel and to a trial. He relies on *County of Ventura* v. *Tillett, supra,* 133 Cal.App.3d 105, certiorari denied, 460 U.S. 1051 [75 L.Ed.2d 929, 103 S.Ct. 1497], disapproved in *County of Los Angeles* v. *Soto, supra,* 35 Cal.3d at page 492, footnote 4. The *Tillett* court held that a stipulated judgment for payment of child support, entered into by the obligor without assistance of counsel and carrying with it a threat of incarceration, was void absent a judicial determination on the issue of waiver of counsel and trial. (*County of Ventura* v. *Tillett, supra,* 133 Cal.App.3d at p. 115.) The court reasoned that a stipulated judgment is a form of confession of judgment and is thus constitutional only if it constitutes a valid waiver of due process rights. (*Id.,* at p. 112, citing *Isbell* v. *County of Sonoma* (1978) 21 Cal.3d 61, 68 [145 Cal.Rptr. 368, 577 P.2d 188], cert. den. (1978) 439 U.S. 996 [58 L.Ed.2d 669, 99 S.Ct. 597] [in uncontested proceeding court may not enter final judgment depriving party of property without notice and hearing].)

The court in *Tillett* based its holding on its previous opinion in *County of Ventura* v. *Castro* (1979) 93 Cal.App.3d 462 [156 Cal.Rptr. 66], cert. den. (1980) 444 U.S. 1098 [62 L.Ed.2d 785, 100 S.Ct. 1064]. There the court held that former Welfare and Institutions Code section 11476.1, authorizing entry of a judgment establishing paternity and an obligation to pay child support in accordance with an agreement between the obligor and the district attorney, was unconstitutional because it neither required nor provided an opportunity for a judicial determination of the validity of any constitutional waiver.[5] *Castro* also differed from *Tillett* in that entry of judgment for paternity and child support in the former case occurred without the commencement of a civil action by the district attorney, while in the latter case the district attorney had commenced a civil action and served the defendant before obtaining a judgment solely for child support. The *Tillett* court found its reasoning in *Castro* to be applicable to both situations. (*County of Ventura* v. *Tillett, supra,* 133 Cal.App.3d at pp. 114-115.)

The court in *Tillett* also relied on *Salas* v. *Cortez* (1979) 24 Cal.3d 22 [154 Cal.Rptr. 529, 593 P.2d 226], which established the right of indigents to appointed counsel in paternity cases. The *Tillett* court reasoned that "The constitutional requirement of appointment of free counsel for indigent defendants in cases that are prosecuted by the state and that carry the threat of incarceration would be reduced to a nullity if the state is allowed to

---

[5]The Legislature subsequently amended Welfare and Institutions Code section 11476.1 to correct this omission.

circumvent the requirement by executing stipulated judgments which do not demonstrate that the defendants have voluntarily, knowingly and intelligently waived the right to free counsel and to a trial." (*County of Ventura v. Tillett, supra,* 133 Cal.App.3d at p. 114.)

Respondent argues that *Tillett* is inapplicable to the stipulated judgment in the present case because the judgment was rendered before the opinions in *Salas* and *Castro* were rendered. Respondent relies on *Salas v. Cortez, supra,* 24 Cal.3d at page 34, which made the rule establishing the right of indigents to appointed counsel in paternity cases applicable only to cases not final as of the date of the opinion's finality, and on *County of Los Angeles v. Superior Court* (1981) 123 Cal.App.3d 988 [177 Cal.Rptr. 70], which held that the *Castro* decision also does not apply retroactively. Respondent also argues that *Tillett* was erroneously decided and should not be followed.[6]

Both these issues have been implicitly resolved by the Supreme Court in *County of Los Angeles v. Soto, supra,* 35 Cal.3d at page 483. There the court held that an agreement for entry of judgment executed in conformity with Welfare and Institutions Code section 11476.1 prior to the decision in *Castro* is voidable and may be set aside if the defendant establishes: (1) that he or she was not advised of the right to trial on the question of paternity and ability to support, and (2) that he or she was unaware of such rights and would not otherwise have executed the agreement. (*Soto, supra,* at p. 492.) The court disapproved *Tillett's* holding that stipulated judgments were void rather than voidable. (*Soto, supra,* at p. 492 fn. 4.) Thus, the Supreme Court has indicated that the rule announced in *Soto* is equally applicable to stipulated judgments for support or paternity between an unrepresented defendant and the district attorney. It also held that the rule announced in *Soto* applies retroactively. The court said that the interest in preserving familial relationships established by prior judgments, which led the court to reject retroactivity in *Salas,* "cannot outweigh the defendant's right to set aside a judgment entered on the basis of an involuntary waiver of the right to any hearing on the question of paternity." (*Ibid.*) The court disapproved any contrary ruling in *County of Los Angeles v. Superior Court, supra,* 123 Cal.App.3d 988. (*Ibid.*)

Consequently, in accordance with *Soto,* the present order must be reversed and the matter must be remanded for further proceedings consistent with the rule set forth in *Soto.*

---

[6]Respondent argues that *Tillett* should not be followed because if a defendant has been served in a civil action, due process requirements are satisfied since the summons states that a response must be filed and that the advice of an attorney, if desired, must be sought promptly. However, mere receipt of a summons does not demonstrate the *quality* of a failure to file a response or waiver of counsel, i.e., whether due process rights were waived knowingly, intelligently, and voluntarily.

The order denying the motion to set aside the stipulated judgment is reversed. The cause is remanded to the superior court with directions to afford Mosier a new hearing at which he may present evidence of his lack of knowledge of his rights at the time the stipulated judgment was executed and of the effect of that knowledge on his decision to execute the stipulated judgment.

Low, P. J., and Haning, J., concurred.

A petition for a rehearing was denied May 7, 1984.