[No. B004252. Second Dist., Div. Two. Oct. 1, 1984.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v.
RAYMOND CHRIST CASTRO, JR., Defendant and Appellant.

COUNSEL

Barbara Lee Norman and Tuckerman, Pittullo & Thompson for Defendant and Appellant.

Robert H. Philibosian, District Attorney, Donald J. Kaplan and Sterling S. Suga, Deputy District Attorneys, for Plaintiff and Respondent.

OPINION

BEACH, J.—

NATURE OF APPEAL:

Defendant in a child support action (appellant here) appeals from an order of the superior court denying his motion to vacate default and set aside a judgment entered pursuant to stipulation. The entry of default in the case was proper. The stipulated judgment, however, did not comply with the holding in *County of Ventura* v. *Tillett* (1982) 133 Cal.App.3d 105 [183 Cal.Rptr. 741], requiring a judicial determination of the voluntariness of a waiver of due process rights. The failure to comply with the mandatory requirements of *Tillett,* however, rendered the stipulated judgment voidable rather than void under the holding of *County of Los Angeles* v. *Soto* (1984)

35 Cal.3d 483 [198 Cal.Rptr. 779, 674 P.2d 750]; and since appellant failed to carry his burden under *Soto,* the judgment is affirmed.

STATEMENT OF FACTS AND PROCEDURE:

County filed an action for support of a named minor child, pursuant to Welfare and Institutions Code section 11350.1. The complaint alleged that appellant was the father of that child. The complaint sought adjudication of paternity and, under Civil Code section 4701, subdivision (a), appropriate orders for support and assignment of appellant's wages. On September 30, 1980, appellant was served with a copy of this complaint together with a notice which notice advised him of his constitutional right to appointed counsel. (*Salas* v. *Cortez* (1979) 24 Cal.3d 22, 24, 26 [154 Cal.Rptr. 529, 593 P.2d 226].) Appellant failed to answer the complaint and on May 22, 1981, nearly eight months after service on appellant, respondent filed a request to enter default with the clerk of the court and default was entered on that same date.

On June 11, 1981, appellant entered into a "stipulation for entry of judgment, paternity and support" with respondent. The stipulated judgment was approved and entered on June 26, 1981, in superior court. Neither the stipulation for judgment nor the judgment entered states that appellant was either represented by legal counsel at the time the stipulation was entered into or that he was brought before a judge and advised of his rights in connection with the matter prior to the entry of the stipulation as required by the 1980 amendment to Welfare and Institutions Code section 11476.1.

On April 4, 1983, the county filed an ex parte application for wage assignment and for child support.

On April 19, 1983, some 21 months after the entry of judgment, appellant filed a motion to vacate the default and set aside the judgment. The trial court denied appellant's motion stating that even if there had been extrinsic fraud or mistake appellant had shown no diligence in pursuing his motion to vacate the default and set aside judgment. ■ ■■ ■ The instant appeal was then timely filed.[1]

ISSUE ON APPEAL:

■ Was the stipulated judgment, which was entered after default had been taken on a complaint for child support and to establish paternity and

---

[1]The order denying appellant's motion is appealable as a special order after final judgment. (*County of Ventura* v. *Tillett, supra,* 133 Cal.App.3d 105, 110-111, cert. den. (1983) 460 U.S. 1051 [75 L.Ed.2d 929, 103 S.Ct. 1497], disapproved on other grounds in *County of Los Angeles* v. *Soto, supra,* 35 Cal.3d 483, 492, fn. 4.)

after the effective date of the 1980 amendment to Welfare and Institutions Code section 11476.1, void or voidable under the holding of *County of Los Angeles* v. *Soto, supra,* 35 Cal.3d 483?

DISCUSSION:

Appellant contends that when obtaining his agreement for judgment respondent's failure to comply with the requirements of either Welfare and Institutions Code section 11476.1, subdivisions (b)(1) or (b)(2)[2] as amended in 1980 resulted in a judgment void upon its face. However, the statute as amended was expressly made inapplicable to the facts of the instant case. Welfare and Institutions Code section 11476.1, subdivision (i), reads: "Nothing in this section applies to a case where a civil action has been commenced." The Senate legislative committee's comment to the 1980 amendment states: "Subdivision (i) makes clear that Section 11476.1 has no application to a case after a civil action has been commenced. Hence, the section has no application, for example, to the procedure for a stipulated judgment."

When the complaint was filed, appellant was personally served with a notice advising him of his right to an attorney and where one could be procured at no cost to him. Appellant failed to answer the complaint and did not procure an attorney. A default was properly entered. According to the uncontroverted declaration of the deputy district attorney, appellant visited the district attorney's office after entry of default and before a default judgment was obtained on June 11, 1981, at which time appellant signed the stipulation for entry of judgment.

While it is clear that the provisions of Welfare and Institutions Code section 11476.1 as amended by Statutes 1980, chapter 682, do not apply to cases such as the one before us, until recently it was not entirely clear what

---

[2]As amended in 1980 Welfare and Institutions Code section 11476.1 read in relevant part: "(b) A judgment based on the agreement shall be entered only if one of the following requirements is satisfied:

"(1) The noncustodial parent is represented by legal counsel and the attorney signs a certificate stating: 'I have examined the proposed judgment and have advised my client concerning his or her rights in connection with this matter and the consequences of signing or not signing the agreement for the entry of the judgment and my client, after being so advised, has agreed to the entry of the judgment.'

"(2) A judge of the court in which the judgment is to be entered, after advising the noncustodial parent concerning his or her rights in connection with the matter and the consequences of agreeing or not agreeing to the entry of the judgment, makes a finding that the noncustodial parent has appeared before the judge and the judge has determined that under the circumstances of the particular case the noncustodial parent has willingly, knowingly, and intelligently waived his or her due process rights in agreeing to the entry of the judgment."

procedures must be followed before a stipulated judgment can be entered in cases such as the instant one. In *County of Ventura* v. *Tillett, supra,* 133 Cal.App.3d 105, 113, the court held that where a district attorney has brought a civil action under Welfare and Institutions Code section 11350, as in the instant case, and has served a copy of the summons and complaint upon a defendant, a stipulated judgment entered in connection with that complaint requires a judicial determination of the validity of any constitutional waiver. The court in *Tillett* went on to state that a stipulated judgment entered without such judicial determination being made is void. The *Tillett* decision was in this respect expressly disapproved in *County of Los Angeles* v. *Soto, supra,* 35 Cal.3d 483, 491, footnote 4, the *Soto* court declaring such agreement merely voidable.

In an even more recent case *County of Alameda* v. *Mosier* (1984) 154 Cal.App.3d 757 [201 Cal.Rptr. 550], the district attorney had filed a complaint for reimbursement of public assistance and child support and, thereafter, the defendant had signed a stipulation for judgment. Some four years later the defendant moved to set aside the judgment. In *Mosier* the defendant contended on appeal, as does appellant in the instant case, that he did not understand the stipulated agreement which he signed, and that the order denying his motion should be reversed because there was no judicial determination before the entry of the stipulated judgment as to whether he knowingly, intelligently and voluntarily waived his right to counsel and to a trial. The *Mosier* court held that this issue had been "implicitly resolved by the Supreme Court in *County of Los Angeles* v. *Soto, supra,* 35 Cal.3d at page 483. There the court held that an agreement for entry of judgment executed in conformity with Welfare and Institutions Code section 11476.1 prior to the decision in *Castro* is voidable and .may be set aside if the defendant establishes (1) that he or she was not advised of the right to trial on the question of paternity and ability to support, and (2) that he or she was unaware of such rights and would not otherwise have executed the agreement. (*Id.,* at p. 492.) The court disapproved *Tillett'*s holding that stipulated judgments were void rather than voidable. (*Id.,* at p. 492, fn. 4.) Thus the Supreme Court has indicated that the rule announced in *Soto* is equally applicable to stipulated judgments for support or paternity between an unrepresented defendant and the district attorney." (*County of Alameda* v. *Mosier, supra,* 154 Cal.App.3d at p. 762.)

Although the Supreme Court in *County of Los Angeles* v. *Soto, supra,* 35 Cal.3d 483, stated that its decision was limited to judgments entered pursuant to Welfare and Institutions Code section 11476.1 as it read prior to the 1980 amendment, its holding that the stipulated judgment in *County of Ventura* v. *Tillett, supra,* 133 Cal.App.3d 105, entered after a complaint had been filed was also voidable rather than void applies equally to stipu-

lated judgments after a civil proceeding has commenced which are filed after the effective date of the 1980 amendment to Welfare and Institutions Code section 11476.1 since by its terms that section is not applicable to actions brought under Welfare and Institutions Code section 11350. In other words, the attempt to enter a stipulation for judgment pursuant to Welfare and Institutions Code section 11476.1 *without* a civil proceeding having been commenced in derogation of sections 11476.1, subdivisions (b)(1) or (2) would result in a void judgment after the effective date of the 1980 amendments, whereas a stipulated judgment entered *after* the commencement of a civil proceeding in which the district attorney does not procure a judicial determination of the knowing, intelligent and voluntary waiver of the noncustodial parent is merely voidable rather than void.[3]

As noted, *ante,* the *Soto* court held that the defendant "must establish that he was, in fact, unaware of the consequences of the agreement or of the fact that he waived his rights by executing the agreement, and that he would not have executed the agreement had he been aware of these matters. Only then must the judgment be set aside because the agreement on which it is based was not voluntary and intelligent in the constitutional sense. If the defendant establishes the involuntary nature of the agreement in this matter, and satisfies the court *that he has been diligent in his efforts to set aside the judgment,* the court must grant a motion to set aside the judgment." (35 Cal.3d at p. 492; italics added.)

At bench the trial court concluded that the appellant had not been diligent in his efforts to set aside the judgment and we find no abuse of discretion in that decision. The record also discloses that appellant did not carry his burden of demonstrating that the agreement was not voluntary. He failed to demonstrate that he was unaware of the consequences and that he would not have executed the agreement otherwise.

Accordingly, the judgment of the trial court is affirmed.

Roth, P. J., and Compton, J., concurred.

---

[3]The problem of collateral attack as in this case may perhaps be avoided and judicial economy promoted by going ahead and having a judicial determination on the question of waiver. If everything that is now said by and between the parties in the district attorney's office is in the first instance laid out before a judge, it would seem that subsequent claims and disputes about the voluntariness and understanding of agreements would be reduced to almost zero. We do not (and cannot) hold this as necessary—we merely suggest the possibility.