Filed 10/17/14  County of Solano v. Motyl CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| COUNTY OF SOLANO,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW GERARD MOTYL,<br><br>        Defendant and Appellant. | A141164<br><br>(Solano County<br>Super. Ct. No. FFL099678) |

MEMORANDUM OPINION[*]

In March 2008, appellant Matthew Gerard Motyl was ordered to pay child support in the amount of $12 per month for the support of his minor daughter.  Motyl appears to have a very limited income, and he fell into arrears.[1]

In October 2013, Motyl filed a request for adjustment of arrearages based on his incarceration; he also sought genetic testing.  His income and expense declaration stated he was receiving $200 per month in public assistance benefits but had living expenses of $1,800 per month, as well as delinquent debt.  Around the same time, Motyl also moved

---

[*] We resolve this case by a Memorandum Opinion pursuant to California Standards of Judicial Administration, Standard 8.1.

[1] The record in this case consists solely of a 59-page clerk's transcript.  If the superior court's file contains a register of actions, it has not been included.  (Cf. Cal. Rules of Court, rule 8.122(b)(1)(F).)  It is therefore somewhat difficult to reconstruct the course of the proceedings below.

for judicial review of his driver's license denial. The latter request was heard on November 5, 2013, and denied the following day for failure to appear.

On January 7, 2014, a commissioner of the Solano County Superior Court heard Motyl's requests for DNA testing, adjustment of arrears, and for review of driver's license denial. Motyl, who lives in San Diego, appeared by telephone. In his order after hearing, the commissioner denied the request for DNA testing as untimely. Motyl's request for adjustment of arrears was denied for failure to prove. The commissioner lifted the suspension of Motyl's license and ordered him to pay any reissuance fees imposed by the Department of Motor Vehicles. The Solano County Department of Child Support Services was ordered to release the suspension of Motyl's license, with the proviso that the suspension could be reinstated if Motyl was more than 30 days late on any ordered payment.

Motyl filed a notice of appeal, challenging the order issued after the January 7, 2014 hearing. He elected to proceed in this court without a record of oral proceedings in the superior court.[2]

Motyl contends the trial court abused its discretion by ruling without giving him an opportunity to speak about certain difficulties he was experiencing. He also claims the trial court exhibited bias against him. Further, he appears to argue the commissioner proceeded improperly by limiting argument and by treating this as a "civil collections case[.]" Motyl asks that we order DNA testing to provide sufficient evidence of his paternity of the child whom he has been ordered to support. He also seeks cancellation of the order denying his requests for adjustment of arrearages.

Because Motyl has provided us with only a partial clerk's transcript, we must treat this as an appeal "on the judgment roll." (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082.) Motyl is therefore "confined to errors which are 'affirmatively shown by the record.' " (*In re Marriage of Hall* (2000) 81 Cal.App.4th 313, 316.) No challenge to the sufficiency of the evidence can be made. (*Ibid*.) Without a reporter's transcript of the

---

[2] Respondent has not filed a brief in this case.

hearing below, we cannot entertain Motyl's contentions that he was not given an adequate chance to make his case or that the commissioner exhibited bias against him. We also are unable to evaluate his contentions regarding his driver's license. (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186 [appellate court will refuse to reach merits of an appellant's claims where no reporter's transcript has been provided].)

With regard to Motyl's request for DNA testing, the lower court did not err, since a parent may not use a request to modify child support as a vehicle for reopening the issue of paternity once paternity has been established. (*City and County of San Francisco v. Stanley* (1994) 24 Cal.App.4th 1724, 1729.) The judgment regarding paternal obligations, which fixed the amount of Motyl's child support payments, was filed on March 12, 2008. Although Motyl protests that the judgment was entered by default—a claimed fact that does not appear on the face of the record—even a default judgment of paternity becomes final and binding. (See *id.* at p. 1728.)

We recognize that Motyl has very limited means and is representing himself in this appeal. But parties appearing in propria persona are not entitled to special treatment, and as the appellant, it is Motyl's burden both to provide an adequate record and to make coherent legal arguments. (*Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 524.) With no reporter's transcript and only a partial clerk's transcript before us, we are constrained to conclude he has not met this burden, and we must therefore resolve the issues against him. (*Foust v. San Jose Construction Co., Inc., supra,* 198 Cal.App.4th at p. 187 [failure to provide adequate record requires that issue be resolved against appellant].)

DISPOSITION

The order from which the appeal is taken is affirmed.

3

_____

Jones, P.J.


We concur:


_____

Simons, J.


_____

Needham, J.

4