[No. B114612. Second Dist., Div. Four. Nov. 19, 1998.]

JOE ROCHIN, Plaintiff and Appellant, v.
PAT JOHNSON MANUFACTURING COMPANY et al., Defendants and
Respondents.

COUNSEL

William K. Pratt, Girardi & Keese and John A. Girardi for Plaintiff and Appellant.

Donahoe, Carroll & Dunn, Douglas G. Carroll and Barbara E. Dunn for Defendants and Respondents.

OPINION

VOGEL (C. S.), P. J.—

### INTRODUCTION

Plaintiff and appellant Joe Rochin appeals from a judgment of dismissal entered after the trial court sustained a demurrer to plaintiff's complaint without leave to amend. The present action is one for equitable relief by which plaintiff seeks to vacate an amended judgment entered in a prior action for personal injury brought by plaintiff against defendant and respondent Pat Johnson Manufacturing Company (PJMC). Also named as a defendant in the present action is respondent George Ellis, who was trial counsel for PJMC in the prior action.

Plaintiff's complaint alleges that the amended judgment should be vacated and declared void for lack of jurisdiction, and the original judgment should be reinstated. Plaintiff argues that the amended judgment was entered on an ex parte basis without notice to plaintiff, as a result of extrinsic fraud, thus depriving him of due process and rendering the amended judgment void.

Defendants contend that even if the amended judgment was entered in an irregular manner, the present action to set it aside is barred by the statute of

limitations governing actions based on fraud, and also by the doctrine of res judicata. The trial court agreed and sustained defendants' demurrer without leave to amend on these bases.

As we will discuss, we find that the amended judgment was and is void, as is the order denying plaintiff's subsequent motion to vacate the amended judgment, and that a void judgment or order may properly be attacked at any time, directly or collaterally. We also conclude that the doctrine of res judicata does not apply to void judgments or orders. We therefore conclude that the trial court erred in sustaining defendants' demurrer and dismissing the present action; accordingly, we reverse the judgment of dismissal.

FACTUAL AND PROCEDURAL BACKGROUND

At the outset, we note that pursuant to plaintiff's request, we take judicial notice of the files in the previous related appeal (*Rochin* v. *Pat Johnson Manufacturing Co.* (Nov. 21, 1995) B074091 [nonpub. opn.]), and plaintiff's prior petition for writ of mandate (*Rochin* v. *Superior Court* (Aug. 6, 1996) B103863 [nonpub. opn.]).

Plaintiff filed suit against defendant PJMC for personal injuries he suffered when he fell from a ladder manufactured by defendant. On December 14, 1992, a jury found by special verdict that defendant was negligent and that plaintiff's damages were $800,000. However, they found plaintiff to be contributorily negligent. Question No. 7 on the special verdict form and the jury's response were as follows:

"[If there was contributory negligence], what was the percentage of the total amount of the damages attributed to each of the following:

| | |
|---|---|
| To the Plaintiff: | 25% |
| To Pat Johnson Manufacturing Company: | 25% |
| To others: | 50% |
| Total: | 100%" |

The court's minute order of December 14, 1992, after setting forth the questions and answers on the special verdict form, and the results of polling the jury, then stated: "The Court and both counsel thereafter confer at side bar outside the hearing of the jurors and without the reporter. The Jury is thereafter ordered by the Court to return into the jury room with instructions to recalculate Question No. 7, by excluding the group, 'To others'; and the Court deletes same and all the percentage answers given by interlineation." The trial court drew a line through the figures previously entered by the jury

indicating their allocation of fault, and also struck out the phrase "To others," placing his initials beside each deletion. After deliberating further, the jury returned the special verdict form with an amended answer to question No. 7, attributing 57 percent of the total amount of damages to the plaintiff, and 43 percent to PJMC. The jurors were then discharged, and the special verdict and judgment thereon were filed. The judgment indicated plaintiff was to recover from PJMC the amount of $344,000. On December 30, 1992, plaintiff filed notice of entry of judgment (dated and served on December 28, 1992), erroneously indicating judgment was entered on December 7 rather than December 14, 1992.

On January 4, 1993, defendant filed notice of intention to move for a new trial and for judgment notwithstanding the verdict. Neither motion raised any dispute regarding the allocation of fault as set forth in the special verdict and ensuing judgment. Both motions were denied after hearing on January 29, 1993.

On February 4, 1993, defendant submitted to the trial court a proposed amended judgment, apparently without serving a copy on plaintiff's counsel. The proposed amended judgment was signed by the trial court on February 22, 1993. The purported amended judgment reinstated the jury's original allocation of fault of 25 percent to defendant, which had been stricken by the court. The amended judgment further reduced the judgment by $92,628.64, the amount of a workers' compensation lien purchased by the defendant. The amended judgment for plaintiff thus changed the amount of the judgment from $344,000 to $109,275.76, including costs of $1,904.40. The amended judgment was filed on February 23, 1993, and notice of entry of amended judgment was filed on February 25, 1993, having been served on plaintiff's counsel the previous day.

The following day, February 26, 1993, defendant filed a notice of appeal, stating: PJMC "hereby appeals . . . from the judgement entered on December 7, 1992,[1] in Department 64 of the Los Angeles Superior Court. . . . [¶] Entry of judgement was served by Defendant and Appellant [PJMC] on December 28, 1992." The notice of appeal further stated that the defendant's motions for new trial and for judgment notwithstanding the verdict were denied. Finally, it stated: "Amended judgment was entered on February 23, 1993, and Entry of Amended Judgment was served by Defendant and Appellant [PJMC] on February 24, 1993."

On or about March 11, 1993, after learning of the purported amended judgment, plaintiff filed "Notice of Intention to Move to Vacate and Enter a

---

[1]The judgment actually had been entered on December 14, 1992; the erroneous date of December 7, 1992, apparently was derived from the notice of entry of judgment which incorrectly specified the date of entry of judgment as December 7, 1992.

Difference [*sic*] Judgement [*sic*] (CCP § 663)," on the basis that the trial court should vacate the amended judgment entered after jury trial because it was inconsistent with the jury's special verdict.[2] Plaintiff's motion was eventually placed off calendar "pursuant to a stay having been issued." The "stay" apparently referred to the fact that defendant had filed a notice of appeal.

This court then considered the appeal in which PJMC admittedly raised only issues regarding attorney misconduct and evidentiary error.[3] On November 21, 1995, we affirmed the judgment, stating in the factual portion of the opinion: "A net judgment in favor of respondent was awarded against appellant in the amount of $344,000. Appellant appeals from the judgment. There are only two items of error claimed: (1) that the trial court improperly allowed opinion testimony by respondent's rebuttal expert; and (2) that respondent's trial counsel was guilty of misconduct." The fact an amended judgment had been entered was mentioned by PJMC but not otherwise mentioned.

Defendant did not file a petition for rehearing pointing out the alleged error in the amount stated in the opinion to be the net judgment, or requesting that the opinion be corrected.

On January 26, 1996, this court caused the remittitur to be filed in the superior court. Thereafter, a clerk of the superior court affixed a stamp to the amended judgment (not the original judgment) indicating "Judgement [*sic*] is affirmed by District Court of Appeal."

Plaintiff then attempted to collect from PJMC the $344,000 judgment. Defendant refused, claiming the $344,000 stated in this court's opinion was an error.

On May 7, 1996, plaintiff filed in the trial court a "Notice of Motion to Correct Court Clerical Error to Reflect the True Amount of the Jury's Verdict, CCP §§ 473, 663, Labor Code § 3856(b)(c)," seeking to have the trial court vacate the amended judgment.[4] Plaintiff argued therein: "The correct judgment was entered on December 14, 1992, within twenty-four hours after the verdict was rendered . . . [and] Notice of Entry of Judgment

---

[2]Plaintiff also argued that the amount of the lien by which the judgment was reduced was incorrect as a matter of law.

[3]Plaintiff did not file a cross-appeal, and did not address the fact an amended judgment had been entered.

[4]Plaintiff apparently filed the same or a similar motion which was heard by Judge Ricardo Torres on April 29, 1996, who denied the motion without prejudice, indicating the "[m]atter should be considered by Judge [Gary] Klausner as the trial judge."

given on December 30, 1992, and the subsequent attempted second entry of 'Amended Judgment' was in excess of the court's jurisdiction, since the court had previously denied defendant's Motion for New Trial and Judgment N.O.V. and had lost jurisdiction to effectuate a second and different judgment of a verdict after having the jury further deliberate to clarify the issue of liability pursuant to CCP § 619." Citing 2 Witkin, California Procedure (3d ed. 1985) Jurisdiction, section 262, page 658, the plaintiff noted that "It is probably safe to say that any unauthorized subsequent act which affects the nature or substance of the judgment is a departure from jurisdiction and not mere error." Notwithstanding this citation of authority, plaintiff then argued that the entry of the amended judgment constituted clerical error which could be corrected at any time.

PJMC filed opposition on May 14, 1996, representing that the amended judgment was entered "[u]pon motion by Pat Johnson and after a hearing by the Court." Plaintiff filed a reply on May 16, 1996, in which he noted that the amended judgment was presented to the trial court without notice to plaintiff or any opportunity to participate in a hearing. PJMC filed an additional response on May 22, 1996, in which defense counsel conceded that his law clerk had erroneously stated in the initial opposition to the motion to vacate the amended judgment "that there had been a 'motion' to amend the judgment when in fact I had simply submitted a Proposed Amended Judgment for the Court's consideration."

On May 23, 1996, the matter came on for hearing before the judge who had presided over the trial. Plaintiff's counsel again characterized entry of the amended judgment as clerical error, but also argued that the amended judgment was void because it effected a substantive change without notice or hearing having been afforded plaintiff. At the conclusion of the hearing, the court denied the motion. The court noted that although he could not recall which judgment was correct, the entry of the amended judgment could not be construed to be clerical error, and therefore the purported error was not subject to correction. The trial court did not address the issue regarding lack of notice or opportunity for hearing.

Plaintiff filed a petition for writ of mandate on July 22, 1996, from the trial court's denial of plaintiff's motion to vacate the amended judgment. This court denied the petition for writ of mandate for failure to demonstrate entitlement to extraordinary relief on August 9, 1996. A petition for review filed in the Supreme Court by plaintiff on August 19, 1996, was denied on September 25, 1996.

On December 11, 1996, plaintiff brought the equitable action now before us, filing a "Complaint in Equity to Set Aside, Correct, or Amend Judgment

and Enter Another and Different Judgment, or Declare 'Amended' Judgment Void," naming as defendants PJMC and its trial counsel, George Ellis. A first amended complaint was filed on February 21, 1997. Therein, plaintiff alleged that the purported amended judgment was executed without notice to plaintiff, violating his due process rights, and was obtained by means of extrinsic fraud. Plaintiff further alleged the amended judgment constituted an "outright modification of the true jury verdict. As such, it was beyond the jurisdiction of the Superior Court to hear, since the Defendant's Motion for a New Trial and Judgment N.O.V. had already been ruled upon." Plaintiff prayed that the amended judgment be vacated, set aside, and declared void for lack of jurisdiction, and the original judgment be reinstated.

On May 21, 1997, defendants filed a demurrer to the complaint on the grounds the action was barred by the statute of limitations governing actions based on fraud, and by the principles of res judicata. Plaintiff filed opposition on June 13, 1997, arguing that without "notice, motion and hearing," the amended judgment "is strictly void, and as such is properly viewed as an event which never occurred. Compounding that violation of Due Process, it was procured at a point in time when the Superior Court lacked jurisdiction to modify the judgment." Defendants filed a reply on June 18, 1997.

On June 20, 1997, the demurrer came on for hearing, at which time the trial court sustained the demurrer without leave to amend "on all the grounds raised by the moving party's papers." Notice of ruling was filed on June 24, 1997. The plaintiff filed objection to the notice of ruling on July 7, 1997. On July 16, 1997, judgment of dismissal and notice of entry of judgment of dismissal were filed.

On August 7, 1997, plaintiff timely filed notice of appeal.

DISCUSSION

I.

*Defendant PJMC May Defend This Appeal, Having Obtained a Certificate of Revivor of Its Corporate Status*

■ After it came to this court's attention upon reviewing the record on appeal that PJMC's corporate powers, rights, and privileges were suspended as of April 1981 for failure to pay franchise taxes (Rev. & Tax. Code, §§ 23301, 23302), we requested further briefing from the parties addressing whether PJMC has the right to defend the present appeal. (Gov. Code, § 68081.) PJMC responded by filing a certificate of revivor of its corporate

status, effective September 30, 1998. Having considered the parties' briefing on the issue and the controlling law, we conclude that the revival of PJMC's corporate powers "validated the procedural steps taken on behalf of the corporation while it was under suspension and permit[] it to proceed with the appeal." (*Rooney v. Vermont Investment Corp.* (1973) 10 Cal.3d 351, 359 [110 Cal.Rptr. 353, 515 P.2d 297] [defendant corporation's powers suspended before judgment, revived during pendency of appeal, thus permitted to proceed with appeal], citing *Peacock Hill Assn. v. Peacock Lagoon Constr. Co.* (1972) 8 Cal.3d 369, 371 [105 Cal.Rptr. 29, 503 P.2d 285] [Where the legislative policy of Revenue and Taxation Code provisions imposing sanctions for failure to pay taxes is " 'clearly to prohibit the delinquent corporation from enjoying the ordinary privileges of a going concern, in order that some pressure will be brought to bear to force the payment of taxes[,]' [citation] [t]here is little purpose in imposing additional penalties after the taxes have been paid."].)

## II.

### *The Amended Judgment Is Void*

■ Plaintiff argues that the amended judgment is void, as it represents a "wholesale modification of a regularly entered judgment," which was not accomplished in the manner prescribed by statute. We agree.

■ "The general rule is that once a judgment has been entered, the trial court loses its unrestricted power to change that judgment. The court does retain power to correct clerical errors in a judgment which has been entered. However, it may not amend such a judgment to substantially modify it or materially alter the rights of the parties under its authority to correct clerical error. [Citations.] This general rule is applicable even though time for appeal from the judgment has not yet passed. [Citation.] [¶] Once judgment has been entered, the trial court does retain jurisdiction for a limited period of time to entertain and grant a motion for a new trial ([Code Civ. Proc.,] § 655 et seq.) or a motion for a judgment notwithstanding the verdict. ([Code Civ. Proc.,] § 629.) The court also retains jurisdiction to consider and grant a motion to vacate a judgment and enter a different judgment for either of two reasons: an incorrect or erroneous legal basis for the decision, not consistent with or supported by the facts, or a judgment not consistent with or not supported by the special verdict. ([Code Civ. Proc.,] §§ 663, 663a.) The court also retains jurisdiction to entertain and grant a motion for relief from a judgment taken against a party through mistake, inadvertence, surprise, or excusable neglect. ([Code Civ. Proc.,] § 473.)" (*Craven v. Crout* (1985) 163 Cal.App.3d 779, 782-783 [209 Cal.Rptr. 649]; see also 7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 67, pp. 594-595.)

 Defendants and the trial court relied on none of the prescribed statutory means to arrive at the amended judgment.[5] Plaintiff did not even have the opportunity to appear and argue against the amendment of the judgment. The amended judgment was thus entered outside of the statutorily prescribed means.

Although plaintiff maintains that the trial court's entry of the amended judgment constituted clerical error, it plainly appears and we decide as a matter of law that in entering the amended judgment the court was attempting to correct perceived judicial error. It is true that a court has the inherent power to correct clerical error in its records at any time so as to conform its records to the truth, but it may not amend a judgment to substantially modify it or materially alter the rights of the parties under its authority to correct clerical error. (*Aspen Internat. Capital Corp.* v. *Marsch* (1991) 235 Cal.App.3d 1199, 1204 [286 Cal.Rptr. 921].) The difference between judicial and clerical error rests not upon the party committing the error, but rather on whether it was the deliberate result of judicial reasoning and determination. The distinction between clerical error and judicial error is whether the error was made in rendering the judgment, or in recording the judgment rendered. (*Ibid.*, citing *In re Candelario* (1970) 3 Cal.3d 702, 705 [91 Cal.Rptr. 497, 477 P.2d 729].)

 In this case, the record demonstrates that the original judgment was deliberately and correctly entered based upon the special verdict. In arriving at the special verdict, the court had instructed the jury to reconsider its allocation of fault without considering "other" nonparties. There was no inadvertence, and the court itself struck out the original percentages. It cannot be argued that the judgment entered upon the jury's special verdict included any recording error. Rather, it reflected the jury's allocation of fault deliberately made pursuant to the court's instructions. The court's signing of the amended judgment, which reinstated the stricken allocations of fault, substantially altering the judgment can only be viewed as an attempt to correct prior perceived judicial error in directing the jury to disregard the fault of nonparties. The trial court had no jurisdiction to so amend the judgment, and the resulting amended judgment is thus void and of no effect. (*Morgan* v. *State Bd. of Equalization* (1949) 89 Cal.App.2d 674, 682 [201 P.2d 859].) After PJMC's opportunity had lapsed to bring an appropriate direct attack on the calculation of the judgment by way of its motion for new trial, for example, the trial court no longer had jurisdiction of the subject matter to effect a substantive change in the judgment. (See 2 Witkin, Cal. Procedure (4th ed. 1996) Jurisdiction, § 319, pp. 893-894.)

---

[5] PJMC did bring motions for a new trial and for judgment notwithstanding the judgment, but did not argue therein that the judgment required amendment.

## III.

### *A Void Judgment Is Subject to Attack at Any Time, Either Directly or by Way of an Independent Action in Equity*

■ A judgment void on its face because rendered when the court lacked personal or subject matter jurisdiction or exceeded its jurisdiction in granting relief which the court had no power to grant, is subject to collateral attack at any time. (See *County of Ventura* v. *Tillett* (1982) 133 Cal.App.3d 105, 110 [183 Cal.Rptr. 741] disapproved of on other grounds by *County of Los Angeles* v. *Soto* (1984) 35 Cal.3d 483 [198 Cal.Rptr. 779, 674 P.2d 750]; see also *Security Pac. Nat. Bank* v. *Lyon* (1980) 105 Cal.App.3d Supp. 8, 13 [165 Cal.Rptr. 95].) An attack on a void judgment may also be direct, since a court has inherent power, apart from statute, to correct its records by vacating a judgment which is void on its face, for such a judgment is a nullity and may be ignored. (*Olivera* v. *Grace* (1942) 19 Cal.2d 570, 574 [122 P.2d 564, 140 A.L.R. 1328].)

In sustaining plaintiff's demurrer without leave to amend, the trial court in the present action agreed with defendants' contention that the statute of limitations governing actions for fraud served to bar the plaintiff's action. (Code Civ. Proc., § 338, subd. (d).) Based on the above authorities which hold that a judgment void on its face may be attacked at any time, we conclude that this was an erroneous basis on which to sustain defendants' demurrer.

## IV.

### *The Doctrine of Res Judicata Is Inapplicable to Void Judgments*

■ Defendants contended below and the trial court agreed in sustaining plaintiff's demurrer that the present action is barred by the doctrine of res judicata. Specifically, defendants assert that plaintiff's failure to file a cross-appeal from the amended judgment resulted in the amended judgment becoming final and having preclusive effect. Defendants also contend that plaintiff's failure to file a notice of appeal (rather than a petition for writ of mandate), from the trial court's May 23, 1996, order denying plaintiff's motion to vacate the amended judgment also resulted in that order becoming final and having preclusive effect. We disagree.

The doctrine of res judicata is inapplicable to void judgments. "Obviously a judgment, though final and on the merits, has no binding force and is subject to collateral attack if it is wholly void for lack of jurisdiction of the

subject matter or person, and perhaps for excess of jurisdiction, or where it is obtained by extrinsic fraud. [Citations.]" (7 Witkin, Cal. Procedure, *supra*, Judgment, § 286, p. 828.)

As discussed above, the amended judgment was void and of no effect. Plaintiff's failure to file a cross-appeal from the amended judgment, thus in a sense allowing it to become final, plainly does not give the amended judgment preclusive effect.[6] The amended judgment is a nullity, and can have no such effect.

In addition, the trial court's subsequent order denying plaintiff's motion to vacate the amended judgment, in that it gives effect to a void judgment, is itself void. (*County of Ventura* v. *Tillett, supra,* 133 Cal.App.3d at p. 110.) While defendants are correct in stating that the order denying the motion to vacate was itself appealable, plaintiff's failure to appeal from it, thus allowing it to become final, makes no difference. A "final" but void order can have no preclusive effect. " 'A void judgment [or order] is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one.' [Citation.]" (*Bennett* v. *Wilson* (1898) 122 Cal. 509, 513-514 [55 P. 390].) We conclude that the trial court erred in sustaining defendants' demurrer on the basis of res judicata.

## DISPOSITION

The judgment of dismissal is reversed, and the matter is remanded for further proceedings in keeping with this opinion. Plaintiff and appellant to recover costs on appeal.

Hastings, J., and Curry, J., concurred.

A petition for a rehearing was denied December 9, 1998, and the opinion was modified to read as printed above. Respondents' petition for review by the Supreme Court was denied February 24, 1999.

---

[6]Indeed, we note that the prior appellate opinion filed by this court does not recognize the existence of the amended judgment. We also note that the notice of appeal filed by PJMC, while mentioning the amended judgment, stated the appeal to be from the original judgment.