**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONALD BRADFORD STARK,

Appellant,

v.

BARBARA STARK; ELIZABETH
STARK; SUSAN TSAPANOS,

Appellees.

No. 09-17201

D.C. No. 1:07-cv-01366-OWW

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, Senior District Judge, Presiding

Submitted February 15, 2011[**]
San Francisco, California

Before: NOONAN, O'SCANNLAIN, and TROTT, Circuit Judges.

Donald Bradford Stark appeals from the district court's decision affirming

the bankruptcy court's grant of summary judgment to Barbara Stark, Elizabeth

Page Stark, and Susan Tsapanos (the "Creditors"). The bankruptcy court granted

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

summary judgment to the Creditors in this adversary proceeding, finding that

Stark's debt to the Creditors of $2,065,504 -- as evidenced by a default judgment

of a California probate court -- is nondischargeable under 11 U.S.C. § 523(a)(4) as

a debt incurred by fraud or defalcation by a fiduciary.  We review de novo the

bankruptcy court's legal conclusions.  Higgins v. Vortex Fishing Systems, Inc.,

379 F.3d 701, 705 (9th Cir. 2004).  We have jurisdiction under 28 U.S.C. § 158(d),

and we reverse and remand to the bankruptcy court for further proceedings

consistent with this decision.

　　We decline the Creditors' invitation to apply the Rooker-Feldman doctrine,

which generally prohibits federal courts from reviewing state court judgments.  See

Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of

Appeals v. Feldman, 460 U.S. 462 (1983).  Rooker-Feldman's application in

bankruptcy "is limited by the separate jurisdictional statutes that govern federal

bankruptcy law," and the doctrine thus "has little or no application to bankruptcy

proceedings that invoke substantive rights under the Bankruptcy Code or that, by

their nature, could arise only in the context of a federal bankruptcy case."  Sasson

v. Sokoloff (In re Sasson), 424 F.3d 864, 871 (9th Cir. 2005).  Bankruptcy courts

have the power to "avoid state judgments in core bankruptcy proceedings, may

modify judgments, and, of primary importance in this context, may discharge them." Id. (internal citations omitted).

The district court erred by giving preclusive effect to the probate judgment. Because the default judgment awarded the Creditors more than the amount requested in the complaint -- which did not specify any amount of damages -- the judgment is void under section 580 of the California Code of Civil Procedure. The bankruptcy court was required to apply California's collateral estoppel principles to the judgment, see Cal-Micro, Inc. v. Cantrell (In re Cantrell), 329 F.3d 1119, 1123 (9th Cir. 2003), and a judgment that violates section 580 "is subject to collateral attack at any time" as a judgment "rendered when the court . . . exceeded its jurisdiction in granting relief which the court had no power to grant," Rochin v. Pat Johnson Manuf. Co., 67 Cal. App. 4th 1228, 1239 (Ct. App. 1998). The probate judgment is therefore void, and a California court would not have afforded it preclusive effect. See Ferraro v. Camarlinghi, 161 Cal. App. 4th 509, 539 (Ct. App. 2008) ("[W]here relief is given beyond the scope of that asked for, it is a nullity, and may be attacked collaterally, or its effect avoided under the doctrine that it is not res judicata." (internal quotation marks omitted)).

California courts use one of two options when faced with a default judgment rendered in violation of section 580. First, a California court reviewing such a

3

judgment may modify the judgment and reduce the award to the amount of damages specifically pleaded in the complaint, rather than vacating the judgment entirely. Elec. Funds Solutions v. Murphy, 134 Cal. App. 4th 1161, 1177 (Ct. App. 2005). Second, a California court may allow the plaintiff to choose to amend the complaint to assert greater damages. Greenup v. Rodman, 42 Cal. 3d 822, 830 (1986). If the plaintiff does so, all issues are open for re-adjudication, including liability. Id. at 830.

Here, the complaint did not specify the amount of damages sought against Stark, and we decline to reduce that amount to zero. Therefore, we reverse the district court's grant of summary judgment and remand with instructions to allow the Creditors to file an amended complaint. The bankruptcy court should then hold an evidentiary hearing to determine whether Stark owes a debt to the Creditors, how much that debt is, and whether the debt is nondischargeable.

**REVERSED and REMANDED.**