Filed 5/10/16  7 Star Suites, LLC v. Patel CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| 7 STAR SUITES, LLC, | B249401 |
| Cross-complainant and Respondent, | (Los Angeles County Super. Ct. No. BC371786) |
| v. | |
| PRAFUL PATEL et al., | |
| Cross-defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Steven J. Kleifield, Judge.  Dismissed.

Otten & Joyce, Victor J. Otten and Brigid Joyce for Cross-defendants and Appellants.

John S. Chang for Cross-complainant and Respondent.

**INTRODUCTION**

Mahendra Patel, Praful Patel, and Sudha Patel (collectively, the Patels)[1] appeal from an order denying a motion to dismiss a default judgment against them and in favor of 7 Star Suites, LLC (7-Star) on the ground the judgment exceeded the damages alleged in 7-Star's cross-complaint. (Code Civ. Proc., § 580.)[2] The Patels filed the identical motion three previous times. Their first motion was denied, and the appeal taken by Mahendra Patel was dismissed before a determination on the merits. Each of the Patels' next three motions to set aside the default judgment, filed after the dismissal of the appeal, raised the same grounds and utilized the same declarations as did the first motion. The trial court deemed the fourth motion to be a motion to reconsider the ruling on the first motion and denied it. The fourth motion was in actuality a renewed motion. (§ 1008, subd. (b).) It is well established that an order denying a renewed motion or application under section 1008, subdivision (b) is not appealable. (*Tate v. Wilburn* (2010) 184 Cal.App.4th 150, 160 (*Tate*).) Accordingly, we dismiss the appeal.

**BACKGROUND**

The Patels entered into a written real estate purchase and sales agreement with 7-Star to buy the 7 Star Suites Hotel in Chatsworth.[3] The sale was completed on or about February 3, 2005. Thereunder, the Patels agreed to assume and discharge the hotel's contractual obligations accruing or occurring on and after February 3, 2005,

---

[1]     Harish Patel died before entry of judgment, and the default judgment was later set aside as to him.

[2]     Code of Civil Procedure section 580, subdivision (a) provides in pertinent part: "The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint, in the statement required by Section. 425.11, or in the statement provided for by Section 425.115 . . . ."
        Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

[3]     Because a default admits the allegations in the pleadings (*Sporn v. Home Depot USA, Inc.* (2005) 126 Cal.App.4th 1294, 1303), the background facts are taken from the cross-complaint.

including the monthly payment of the hotel's listing in the Pacific Bell (PacBell) Yellow Pages. The Patels also agreed that they " 'shall not use the "7 Star Suites" name and logo after one hundred and eighty (180) days from closing escrow. In the event the name and logo is not removed within 180 days, then [they agree] to pay to Seller one hundred and fifth [*sic*] ($150) per day for each day after the 180-day period.' "

## PROCEDURAL BACKGROUND

### 1. *The Underlying Lawsuit*

PacBell filed a complaint against the Patels and 7-Star, among others, seeking the unpaid balance on its Yellow Pages advertising contracts, attorney fees, and prejudgment interest. 7-Star reached a settlement with PacBell.

7-Star filed a cross-complaint against the Patels, alleging a cause of action for indemnity for the amount of the PacBell settlement. The complaint also alleged the Patels breached the terms of the agreement by continuing "to use the 7 Star Suites name and logo after 180 days from February 3, 2005, when escrow closed."

The Patels each separately filed answers to the cross-complaint. However, they failed to respond to discovery even after the trial court imposed monetary sanctions and ordered them to respond. Thereafter, the court imposed terminating sanctions by striking their answers and entering the Patels' default.

On August 11, 2008, pursuant to 7 Star's request, the trial court entered a default judgment against the Patels.

### 2. *First Motion to Vacate Default Judgment (October 22, 2010)*

More than two years after the default judgment was entered, on October 22, 2010, the Patels, in propria persona, filed a motion to vacate on the ground that the 2008 default judgment exceeded the damages sought in the cross-complaint (first motion).[4] The Patels each filed a separate declaration in which they stated they were

---

[4]     The motion does not specify the grounds upon which it was made. Section 473, subdivision (d) gives the trial court the authority to set aside a void judgment or order without a time limit. A trial court also has inherent authority to vacate a judgment void on its face. (*Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228,

3

"willing to pay Cross-Claimant $27,150.00," the "purported minimum judgment amount sought." The motion was denied on November 23, 2010. Although the Patels maintain the trial court erred by concluding the motion was untimely, the record does not indicate what issues were, or were not decided.

On January 13, 2011, Mahendra Patel filed a notice of appeal. By August 2011, the appeal was in default and was dismissed. The remititur issued on October 19, 2011.

3. *Second Through Fourth Motions to Vacate Default Judgment*

The case summary submitted in the Patels' appendix indicates that they brought an ex parte application on December 24, 2012 before a different judge. According to the Patels, the application was to set aside the default judgment (second motion). The trial court denied the second motion.

In January 2013, the Patels brought an ex parte application and motion to vacate the 2008 default judgment on the same grounds as the first motion (third motion). 7-Star opposed the third motion because the identical motion already had been denied and the Patels failed to comply with section 1008 by setting forth " 'new or different facts, circumstances, or law.' " The opposition also noted that the Patels had defaulted on their appeal. The trial court denied the third motion on January 14, 2013 "for the reasons set forth in the opposition."

On May 10, 2013, the trial court ruled on a noticed motion to vacate the default judgment (fourth motion) brought on the identical grounds as the first motion and supported by the declarations submitted in 2010. The court denied the fourth motion. The order states: "The court treats this motion as a motion to reconsider [the first motion], as this motion has been previously denied." The Patels timely filed a notice of appeal from the denial of this latest motion.

During this appeal, the Supreme Court granted review of *Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (review granted July 17,

1239.) An order denying a motion to vacate a void judgment qualifies as an appealable order. (§ 904.1, subd. (a)(2).)

4

2013, S210804) to address whether successive motions brought pursuant to section 473, subdivision (b) for mandatory relief from a default judgment must meet the predicate requirements set forth in section 1008, subdivision (b), which requires a showing of new or different facts, circumstances, or law, not previously before the court when ruling on the first motion. We vacated submission of this case pending the Supreme Court's decision. After the Supreme Court issued its opinion in *Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, holding that section 1008 governs renewed applications for mandatory relief from default (*Even Zohar*, at p. 833), we invited the parties to file supplemental letter briefs addressing the impact of that case, and whether section 1008, subdivision (b) "applies to all renewed motions."[5]

## DISCUSSION

The Patels contend the 2008 default judgment is void because it exceeded the maximum amount of damages alleged in 7 Star's cross-complaint.

The trial court invoked section 1008[6] to hear and decide the Patels' fourth motion. The motion itself does not indicate on what procedural basis it was brought and the Patels do not challenge the court's characterization. The content of the fourth motion is virtually identical to the first and third motions (the second motion is not the

---

[5]     Neither party submitted a response by the deadline. Instead, 7-Star moved this court to dismiss the appeal on the ground that the Patels fully satisfied the judgment thereby rendering the appeal moot. We denied the motion to dismiss. (See 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 66, p. 125; *Coldwell Banker & Co. v. Department of Insurance* (1980) 102 Cal.App.3d 381, 401.)

[6]     Section 1008 provides in relevant part, "A party who originally made an application for an order which was refused in whole or part, or granted conditionally or on terms, may make a subsequent application for the same order upon new or different facts, circumstances, or law, in which case it shall be shown by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown. For a failure to comply with this subdivision, any order made on a subsequent application may be revoked or set aside on ex parte motion." (*Id.*, subd. (b).)

appellate record). The same argument was raised in all of the motions, and the very same declarations, without any change in the dates and facts, were attached. All of the previous motions were heard and denied. Given the fourth motion necessarily was a repeat of the previous such motions, and because the 10-day time limit to bring a motion to reconsider under subdivision *(a)* of section 1008 had long expired (*Kerns v. CSE Ins. Group* (2003) 106 Cal.App.4th 368, 382), the fourth motion was a *renewal* of a previous motion, brought under section 1008, subdivision *(b)*. (See *California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 43, fn. 11 [" 'renewed motion' " is "more precise term" for § 1008, subd. (b) motion; accord, *Tate*, *supra*, 184 Cal.App.4th at p. 156.)

Here, the trial court heard and considered the fourth motion and denied it. Although there is no specified period limiting when motions may be renewed (*Stephen v. Enterprise Rent-A-Car* (1991) 235 Cal.App.3d 806, 816), an order denying a motion pursuant to section 1008, subdivision (b) is not appealable. (*Tate*, *supra*, 184 Cal.App.4th at pp. 159-160.)[7] One reason supporting the nonappealability of section 1008, subdivision (b) renewal motions is to eliminate the possibility that a party would obtain two appeals from the same decision. (*Tate*, at p. 160.) Here, the trial court's decision was already appealed. Allowing a second appeal from the same decision would defeat the purpose of the nonappealability rule. Pursuant to *Tate*, under

---

[7] Before 2012, there was a split of authority over whether an order denying a motion for *reconsideration* under section 1008, *subdivision (a)* was separately appealable. (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1576-1577.) In 2012, the Legislature amended subdivision (g) of section 1008 to add new language. Subdivision (g) states, "An order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable. However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order." (Assem. Bill No. 1067 (2011-2012 Reg. Sess.) § 1.) Section 1008, subdivision (g) does not address renewed motions under subdivision (b) and the prior case law remains in effect establishing that orders denying renewed motions under subdivision (b) are not appealable.

subdivision (b) of section 1008, the order appealed from is nonappealable.  We have no jurisdiction to entertain this appeal.

**DISPOSITION**

The appeal from the trial court's order of May 10, 2013 is dismissed as nonappealable.  Respondent shall recover costs of appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

EDMON, P. J.

LAVIN, J.