Filed 4/28/23 Ryckman v. Drexler CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| GERALD OWEN RYCKMAN et al., | B319664 |
| Plaintiffs and Appellants, | |
| v. | (Los Angeles County Super. Ct. No. 21STCV22674) |
| DAVID DREXLER et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Malcolm Mackey, Judge. Affirmed.

Gerald Owen Ryckman and Judith Lorraine Ryckman, in pro. per., for Plaintiffs and Appellants.

Schwimer Weinstein, Mitchell E. Rosensweig and Michael E. Schwimer for Defendants and Respondents.

—————————————

This appeal arises out of a series of legal disputes that began with a disagreement concerning the ownership of an office building. In November 2015, respondents David Drexler and Laura Drexler (as trustees of the Drexler Trust dated June 24, 1994) sued appellants Gerald Owen Ryckman and Judith Lorraine Ryckman (as trustees of the Ryckman Trust dated October 10, 1990) for partition of the real estate in Los Angeles County Superior Court case No. LC103510 (the partition action). During the partition action, the court imposed evidentiary sanctions on the Ryckmans for non-compliance with discovery obligations.

On June 17, 2021, the Ryckmans (individually and as trustees of the Ryckman Trust) filed a complaint against the Drexlers (individually and as trustees of the Drexler Trust), the Law Offices of David Drexler, and Michael Schwimer, who was the attorney representing the Drexlers in the partition action (collectively, Defendants).[1] The sole relief the Ryckmans sought in this new action (the secondary action) was that the trial court "not consider or enforce" the evidentiary sanctions orders entered in the pending partition action because the orders were allegedly obtained through fraud and void.

Defendants filed special motions to strike the complaint in the secondary action pursuant to the anti-SLAPP provisions of

---

[1] The Ryckmans filed other litigation as well, including four appeals and four writ petitions. As those other matters are not pertinent to the resolution of this appeal, we do not summarize them and confine our recitation of facts only to what is necessary for this appeal.

Code of Civil Procedure section 425.16.[2] Within days of filing their oppositions to the special motions to strike, the Ryckmans voluntarily dismissed the secondary action. Defendants thereafter moved for attorney fees and costs as prevailing defendants under section 425.16, subdivision (c). The Ryckmans did not oppose the fee motions, nor did they appear at the hearing on the motions. The trial court granted fees and costs to the Drexlers and Schwimer in the amounts of $29,727.55 and $21,601.30, respectively. It thereafter entered judgment stating Defendants' special motions to strike were meritorious, awarding $29,727.55 to the Drexlers and $21,601.30 to Schwimer, and concluding that the Ryckmans were to take nothing on their complaint against Defendants.

The Ryckmans now appeal, contending their voluntary dismissal of the secondary action deprived the trial court of jurisdiction to enter a judgment awarding attorney fees and costs. They further argue the trial court erred in awarding fees and costs to Defendants because it failed to first rule on the special motions to strike.

We affirm. A trial court retains jurisdiction following a dismissal to rule on motions for attorney fees and costs, and the Ryckmans have demonstrated no error in the trial court's ruling awarding fees. It is well established that we presume the correctness of the trial court's orders, including that the trial

---

[2] All unspecified statutory references are to the Code of Civil Procedure. SLAPP is an acronym for "strategic lawsuit against public participation." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 57.) We also refer to a "SLAPP" or "anti-SLAPP" motion as "a special motion to strike"—the language used in the statute (§ 425.16, subd. (b)(1)).

court knew and applied the correct standard, and that it is appellants' burden to overcome this presumption on appeal. The Ryckmans have not done so on the record before us, and did not adduce below any evidence demonstrating the sanctions orders were obtained through fraud or were void or demonstrating any reversible error in the award of fees and costs.

## BACKGROUND

### A. Factual Summary

On November 2, 2015, the Drexlers, as trustees of the Drexler Trust, filed a verified complaint against the Ryckmans, as trustees of the Ryckman Trust, for partition and recovery of monies relating to an office building for which each of the two trusts were on title.[3] On March 14, 2016, the Ryckmans cross-complained.

On April 28, 2017, the trial court, Judge Frank J. Johnson presiding, granted the Drexlers evidentiary sanctions against the Ryckmans for the Ryckmans' failure to provide satisfactory, court-ordered discovery responses to certain interrogatories. The trial court's minute order provided, "The [c]ourt notes that [the Ryckmans] were previously . . . ordered to provide further responses to [s]pecial [i]nterrogatories 5, 8, 9, 10, 11, 14, 15, 20, 21, 23 and 24. It appears that the response[s] produced pursuant to the order were the same as previously produced but without objections. The interrogatories ask for facts. [The Ryckmans] maintain[ ] that they have no[ ] supporting facts and all supporting material is with the [Drexlers]. [¶] The [o]pposition

---

[3] On December 3, 2015, the Drexlers amended their complaint to delete the phrase "notified defendants of the appraisal and."

4

is odd in that [the Ryckmans'] assertion that all facts are with the [Drexlers] implies that [the Ryckmans] have no facts or evidence to support their position. [¶] The [c]ourt hears further argument. The [c]ourt tries to impress upon the [Ryckmans] that the [Drexlers] will not prove their case for them. [The Ryckmans] still insist that they have no recollection or records to support their position. However, if there are no facts the proper response is to document efforts to comply and why compliance is not possible. [The Ryckmans] did not do this and are technically in violation of the discovery order. [The Ryckmans] must provide facts to support their position, not allegations. [¶] The [c]ourt will not award terminating sanctions, but will grant what amount to evidentiary sanctions. As to the 11 special interrogatories, [the Ryckmans] are bound by the responses provided. Practically, this means that, at least as to the 11 special interrogatories above, that [the Ryckmans] are bound by the position that they have no evidence or supporting facts. [The Ryckmans] will not be permitted to 'find' evidence for trial at a later date. [¶] Counsel for the moving party is to prepare and submit an[ ] order for the [c]ourt's signature." The record does not include a transcript of the April 28, 2017 hearing.

On May 25 and 26, 2017, the trial court executed and entered the sanctions orders prepared by the Drexlers. The orders prohibited the Ryckmans from introducing evidence at trial beyond what was stated in their deficient discovery responses, including evidence that the Ryckmans were "owed or entitled to any rents or profits produced by the [p]roperty" (the rents and profits provision).

Nearly two years later, on March 22, 2019, the Ryckmans filed a motion in the partition action to strike the rents and

5

profits provision of the sanctions orders. The Ryckmans claimed the trial court's minute order following the April 28, 2017 hearing did not state they could not present evidence of rents or profits due to them, that none of the 11 interrogatories related to the Ryckmans' entitlement to rents and profits, and that Schwimer improperly "slipped in" reference to such rents or profits into the sanctions orders.

On April 16, 2019, Judge Johnson issued a minute order observing the trial court "fully considered the arguments of all parties, both written and oral, as well as the evidence presented," and denied the Ryckmans' motion to strike. A transcript of this hearing is not included in the record.

On or about September 24, 2019, the Ryckmans filed a motion in the partition action to "vacate" the sanctions orders. The Ryckmans argued the sanctions orders were "forged," obtained by extrinsic fraud, and void. They argued, "A simple side by side comparison of the [c]ourt's [m]inute [o]rder (Exhibit[ ]A) and the [o]rder forged by Schwimer (Exhibit[ ]B) is all that is required to determine the invalidity of Schwimer's forged order." They concluded, "Schwimer committed[ ] multiple felonies, by forging into the [sanctions o]rders, at the very, very end, the following 14 words[,] 'or is owed or entitled to any rents or profits produced by the [p]roperty[.'] " (Italics and bold omitted.)

On October 18, 2019, the trial court, Judge Shirley K. Watkins presiding, issued a written ruling denying the Ryckmans' motion. The trial court found, inter alia, that the Ryckmans "failed to establish that the [sanctions o]rders are void on [their] face." The trial court also observed, "While it is true that those specific words do not appear in the minutes, the purpose of having the court sign an order is to state with

6

specificity what the court orders. It is common that not every single statement made by the court does not appear in the minutes of the court." The trial court further observed that Judge Johnson had an opportunity to strike the offending language if it did not accurately reflect his intent when the Ryckmans brought their March 22, 2019 motion to strike, and Judge Johnson declined to do so.

On August 14, 2019, the Drexlers filed a motion in limine in the partition action to exclude evidence at trial pursuant to the sanctions orders, which the parties referred to as amended motion in limine No. 8.

On June 18, 2021, the trial court granted the Drexlers' amended motion in limine No. 8. It found "the May 25, 2017 and May 26, 2017 orders are valid and will be enforced. This [c]ourt has looked at the court records and the orders were signed and entered properly and they remain in effect. They are valid court orders and there does not appear to be any impropriety by counsel."

On September 17, 2021, the trial court entered judgment on the Drexlers' cause of action for partition in their favor. It also entered judgment against the Ryckmans on their cross claim for partition. At the time the Ryckmans filed the record in the instant appeal, the parties were scheduled to begin a jury trial on the remaining causes of action on March 14, 2023.

## B. Procedural History of the Instant Matter

On June 17, 2021, one day prior to the hearing scheduled for amended motion in limine No. 8, the Ryckmans initiated the secondary action by filing a complaint against Defendants. The Ryckmans purported to bring an "independent action in equity" by which they sought to "preclude enforcement of the void

7

portion" of the sanctions orders and requested the trial court "not consider or enforce" the sanctions orders.[4]

On July 20, 2021, the Drexlers and Schwimer filed a motion to declare the Ryckmans vexatious litigants.

On July 23, 2021, the Drexlers and Schwimer filed special motions to strike the complaint in the secondary action pursuant to section 425.16.

On August 2, 2021, the Ryckmans filed an ex parte application requesting, inter alia, that the trial court strike the Drexlers' and Schwimer's anti-SLAPP and vexatious litigant motions. The Ryckmans argued the Drexlers and Schwimer filed their motions to avoid depositions and a finding that the sanctions orders were void because they were "forged." They further argued they could bring an independent action in equity to attack a void order.

On August 3, 2021, Defendants filed their opposition to the Ryckmans' ex parte application, and the Ryckmans filed their oppositions to the special motions to strike. The Ryckmans argued Defendants could not use a special motion to strike to attack an "independent action in equity" brought to challenge a void order.

---

[4] According to the register of actions for the secondary action, on June 17, 2021, the Ryckmans also filed a notice of related case. On June 21, 2021, the register of actions stated, "Updated—Notice of Related Case . . . [a]s [t]o [p]arties: removed." On September 21, 2021, in the partition action, the Drexlers filed a notice of related case. On September 22, 2021, the trial courts in the partition and secondary actions issued orders denying a notice of related case, but it is not clear to which notice these denials applied.

On August 5, 2021, the trial court denied the Ryckmans' ex parte application.

On August 6, 2021, the Ryckmans requested and were granted dismissal of the entire secondary action without prejudice.[5]

On August 9, 2021, Defendants filed their reply briefs in support of their special motions to strike. They argued, "Although the Ryckmans' voluntary dismissal of this action has deprived the [c]ourt of jurisdiction to rule on this motion, the [c]ourt nonetheless retains jurisdiction to award . . . attorney[ ] fees and costs incurred in bringing this motion. . . . By virtue of the Ryckmans['] dismissal of this action, [Defendants] are presumed to have prevailed on this motion for the purpose of determining their entitlement to fees and costs under the anti-SLAPP statute."

On October 5, 2021, the Drexlers and Schwimer[6] filed motions for "entry of judgment and award of prevailing party anti-SLAPP attorney[ ] fees" in the amounts of $29,727.55 and $21,601.30, respectively, under section 425.16, subdivision (c). In their motions, Defendants recounted the Ryckmans multiple unsuccessful attempts to undo the sanctions orders. Relying on a standard articulated in *Coltrain v. Shewalter* (1998) 66 Cal.App.4th 94, Defendants argued they prevailed because, "The goal of [Defendants'] anti-SLAPP [m]otion[s] was to obtain the

---

[5] The Ryckmans filed another request for dismissal on August 9, 2021.

[6] The Drexlers' motion does not appear to be brought on behalf of the Law Offices of David Drexler, which is also not included in the judgment entered thereafter.

dismissal of this action. That end has now been achieved. Conversely, the Ryckmans' goal in bringing this action was to collaterally attack the [s]anctions [o]rders so that they could not be used against them at trial. To that end, the Ryckmans have failed not only because they dismissed this action, but because trial of the partition claims in the [partition a]ction has been held, and judgment entered against them therein."[7]

The Ryckmans did not file an opposition to Defendants' attorney fees motions. On January 24, 2022, Defendants filed replies in support of their motions for attorney fees and entry of judgment.

On January 31, 2022, Defendants appeared for the hearing on their motions for fees. The Ryckmans did not appear. The trial court granted the Drexlers' and Schwimer's motions. In its minute order, the trial court acknowledged, " ' "[A] defendant who is voluntarily dismissed . . . after filing an [anti-SLAPP motion], is nevertheless entitled to have the merits of such motion heard as a predicate to a determination of the defendant's motion for attorney's fees and costs." ' [Citation.]" It also observed a prevailing defendant is entitled to mandatory, reasonable fees and costs and that the trial court had no obligation to advance arguments on behalf of a party after the party fails to file a proper and timely opposition.

On February 4, 2022, Defendants lodged a proposed judgment with the trial court. It stated, inter alia, "The court finds that defendants David Drexler[ ] and Laura Drexler's

---

[7] On October 14, 2021, the trial court denied Defendants' motion to have the Ryckmans declared vexatious litigants. The Ryckmans did not appear at the hearing.

[s]pecial [m]otion to [s]trike is meritorious and that defendants David Drexler and Laura Drexler are 'prevailing parties' and entitled to attorneys' fees pursuant to [section] 425.16[, subdivision ](c). The court likewise finds that defendant Michael Schwimer's [s]pecial [m]otion to [s]trike is meritorious and that defendant Michael Schwimer is a 'prevailing party' and entitled to attorneys' fees pursuant to [section] 425.16[, subdivision ](c)." The proposed judgment also decreed that judgment on the Ryckmans' complaint in the secondary action was granted in favor of Defendants; that the Ryckmans and their trust shall take nothing on their complaint against Defendants; that the Ryckmans were ordered to pay $29,727.55 (plus interest) to the Drexlers as prevailing party attorney fees under section 425.16, subdivision (c); and that the Ryckmans and their trust were ordered to pay $21,601.30 (plus interest) to Schwimer as prevailing party attorney fees under section 425.16, subdivision (c).

On February 14, 2022, the Ryckmans objected to the proposed judgment. They contended the trial court was without jurisdiction to grant Defendants' fee motions because, inter alia, Defendants "abandoned" their special motions to strike and the trial court did not hold a hearing on the motions. On February 22, 2022, the trial court issued a minute order stating it reviewed the Ryckmans' objections and entered the judgment over those objections.

The Ryckmans timely appealed.

## DISCUSSION

The Ryckmans argue the trial court lacked jurisdiction to enter a judgment awarding attorney fees to Defendants because the Ryckmans voluntarily dismissed the secondary action prior to

11

the hearing on the special motions to strike and motions for attorney fees.  They also argue the trial court erred in granting Defendants' motions for attorney fees without first ruling on the merits of the special motions to strike.

## A.    The Trial Court Did Not Lack Jurisdiction to Rule on the Anti-SLAPP or Attorney Fees Motions and Enter Judgment

It is well established that "[u]pon the proper filing of a request to voluntarily dismiss a matter, the trial court loses jurisdiction to act in the case, 'except for the limited purpose of awarding costs and statutory attorney fees.' " (*Law Offices of Andrew L. Ellis v. Yang* (2009) 178 Cal.App.4th 869, 876; see *Tourgeman v. Nelson & Kennard* (2014) 222 Cal.App.4th 1447, 1456 [observing "[n]umerous courts have agreed . . . that a trial court retains jurisdiction to award attorney fees pursuant to [§] 425.16, [subd.] (c)(1) after a plaintiff voluntarily dismisses its complaint while a special motion to strike is pending" and listing cases].)  A majority of appellate courts have held that notwithstanding a voluntary dismissal, a trial court must determine the merits of a special motion to strike as a predicate to awarding fees and costs under section 425.16. subdivision (c). (*Liu v. Moore* (1999) 69 Cal.App.4th 745, 751-752 [remanding, in a matter where the plaintiff voluntarily dismissed the defendant, for a determination of the defendant's § 425.16 special motion to strike as a predicate to awarding fees and costs]; accord, *Catlin Ins. Co., Inc. v. Danko Meredith Law Firm, Inc.* (2022) 73 Cal.App.5th 764, 775, fn. 5 ["agree[ing] . . . that a ruling on the merits of an anti-SLAPP motion is required as a predicate to an award of fees under [§] 425.16, [subd.] (c), provided that, as we hold in this case, a timely fees motion is filed"]; *Tourgeman v.*

12

*Nelson & Kennard, supra*, 222 Cal.App.4th at pp. 1457-1458 [remanding for a determination on the merits of the defendant's special motion to strike, notwithstanding the plaintiff's voluntary dismissal, as a predicate to awarding fees]; *Pfeiffer Venice Properties v. Bernard* (2002) 101 Cal.App.4th 211, 218 [concluding the trial court erred in finding it lacked jurisdiction to hear a § 425.16, subd. (c) motion for attorney fees following dismissal and remanding for a hearing on the special motion to strike]; but see *Coltrain v. Shewalter*, *supra*, 66 Cal.App.4th at p. 107 [stating that in determining whether a defendant is a prevailing party under § 425.16, subd. (c), "the critical issue is which party realized its objectives in the litigation"].)

As the above cases demonstrate, because a finding on the merits of a special motion to strike is a necessary predicate to awarding section 425.16, subdivision (c) fees, the trial court retained jurisdiction not only to determine Defendants' motions for attorney fees, but also to determine the merits of the anti-SLAPP motions as a prerequisite to awarding fees. The Ryckmans have not presented any authority or argument why a trial court cannot then enter judgment reflecting its rulings on these issues for which it retained limited jurisdiction.

## B. The Ryckmans Have Not Demonstrated Prejudicial Error

" 'A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, italics omitted.) This includes "the 'basic presumption indulged in by reviewing courts that the trial court . . . kn[ew] and applied the correct statutory and case law in

13

the exercise of its official duties.' " (*People v. Bankers Ins. Co.* (2020) 57 Cal.App.5th 418, 425, quoting *People v. Mack* (1986) 178 Cal.App.3d 1026, 1032.) Further, in general, trial court error does not automatically require reversal of an appealed judgment. We reverse only for prejudicial errors. (*F.P. v. Monier* (2017) 3 Cal.5th 1099, 1107-1108.)

The Ryckmans argue the trial court erred because it did not rule on the merits of the anti-SLAPP motions before awarding fees. Defendants argue the Ryckmans failed to timely make this argument before the trial court and have therefore waived the issue on appeal. "Failure to register a proper and timely objection to a ruling or proceeding in the trial court waives the issue on appeal." (*Bell v. American Title Ins. Co.* (1991) 226 Cal.App.3d 1589, 1602.) The Ryckmans did not file an opposition to the motions for fees and did not appear at the hearing on those motions. Instead, they filed an objection to the draft judgment in which they belatedly argued the trial court could not grant attorney fees and costs to Defendants because, inter alia, it did not rule on the merits of the anti-SLAPP motions. Thus, the Ryckmans did not timely object to the proceedings and have forfeited their argument on appeal.

Even if we overlooked this forfeiture and considered the merits of the Ryckmans' arguments, we would conclude the Ryckmans have not affirmatively demonstrated prejudicial error. The Ryckmans appear to argue that because the trial court vacated the hearings on the special motions to strike after their dismissal was filed, the trial court never reached the merits of the motions, even at the hearing on the motion for attorney fees. However, the Ryckmans did not attend the hearing for Defendants' motion for fees or provide a transcript of it. Their

14

argument simply invites us to speculate in their favor. We cannot. We must presume the trial court applied the correct standard in ruling on the motions before it. (See *People v. Bankers Ins. Co.*, *supra*, 57 Cal.App.5th at p. 425; see also *Denham v. Superior Court*, *supra*, 2 Cal.3d at p. 564.) Indeed, the record suggests the trial court did apply the correct standard. Although the trial court did not expressly state in its minute order that it found the special motions to strike meritorious, it acknowledged the standard that required it to make such a finding, stating, " ' "[A] defendant who is voluntarily dismissed . . . after filing an [anti-SLAPP motion], is nevertheless entitled to have the merits of such motion heard as a predicate to a determination of the defendant's motion for attorney's fees and costs." ' [Citation.]"[8] Further, the trial court's judgment stated Defendants' special motions to strike were "meritorious" and Defendants were " 'prevailing parties.' "

Finally, even if we hypothesize that the trial court did not rule on the merits of the anti-SLAPP motions, any failure to do so was harmless. The record demonstrates Defendants' special motions to strike were meritorious, and given the merit of those motions, section 425.16, subdivision (c) mandated that the court award Defendants attorney fees and costs as prevailing parties. (§ 425.16, subd. (c) ["a prevailing defendant on a special motion to

---

[8] The Ryckmans also take issue with Defendants' reliance on the standard articulated in *Coltrain v. Shewalter*, *supra*, 66 Cal.App.4th 94, which does not require a finding on the merits but asks instead who achieved their objectives in the litigation. (See *id*. at p. 107.) Yet nothing in the record suggests the trial court relied on this standard, especially when it articulated the correct standard in its minute order.

15

strike shall be entitled to recover that defendant's attorney's fees and costs"].)

The anti-SLAPP statute provides that, "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."  (§ 425.16, subd. (b)(1).)  Relevant here, acts in furtherance of the right of free speech include: "(1) any written or oral statement or writing made before a . . . judicial proceeding, or any other official proceeding authorized by law[; and] (2) any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body, or any other official proceeding authorized by law."  (§ 425.16, subd. (e)(1)-(2).)

When considering whether to strike a claim, courts undertake a two-prong analysis.  "First, the defendant must establish that the challenged claim arises from activity protected by section 425.16.  [Citation.]  If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success."  (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384; accord, *Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009.)

Here, Defendants made the challenged statements—that the Ryckmans were precluded from presenting evidence that they were "owed or entitled to any rents or profits produced by the [p]roperty"—in proposed sanctions orders submitted to the trial court in the partition action.  These are plainly statements made

16

in connection with a judicial proceeding and therefore fall within the ambit of section 425.16, subdivision (e)(1) and (2). (*Ibid*.; see *ValueRock TN Properties, LLC v. PK II Larwin Square SC LP* (2019) 36 Cal.App.5th 1037, 1046 ["Protected activity thus includes the filing of lawsuits, and statements and pleadings made in or in preparation for civil litigation"]; *Singh v. Lipworth* (2014) 227 Cal.App.4th 813, 829 [affirming the trial court's conclusion that the plaintiffs' complaint arose from the defendant's litigation conduct—alleged fraudulent representations made to obtain judgments and orders from the trial court—and thus came within the scope of § 425.16, subd. (e)(2)].)

Thus, to defeat Defendants' special motions to strike, the Ryckmans needed to demonstrate a probability of prevailing on their complaint in the secondary action by which they sought to nullify the sanctions orders. The Ryckmans contend the sanctions orders were "void" because Defendants "forged" the profits and rents provision. They argue a void judgment is subject to attack at any time, and can be attacked by way of an independent action in equity. (*Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1238 [holding an amended judgment was void and of no effect because the trial court "had no jurisdiction to so amend the judgment"].)

Although it is true a void judgment can be collaterally attacked,[9] based on the record before us the Ryckmans failed to demonstrate even minimal merit to their claim that the sanctions

---

[9] "A judgment or order that is not void but 'merely' voidable, however, is generally not subject to collateral attack." (*Schrage v. Schrage* (2021) 69 Cal.App.5th 126, 138.)

orders were void (or even voidable) as the product of fraud.[10] (Cf. *Weeden v. Hoffman* (2021) 70 Cal.App.5th 269, 289-290 [holding the litigation privilege did not bar causes of action for declaratory relief and cancellation of instrument by which the plaintiffs sought to have an abstract of judgment declared void for fraud, but that the trial court should have denied the defendant's anti-SLAPP motion because the plaintiffs demonstrated minimal merit to these claims].) They submitted no evidence in opposition to the motions to strike that demonstrated their claims had minimal merit. The record for this appeal does not include the interrogatories that gave rise to the sanctions orders or a transcript of the April 28, 2017 hearing. "It is the appellant's affirmative duty to show error by an adequate record." (*Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435; see *Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348 [the appellant's failure to provide adequate record " 'requires that the issue be resolved against [the] appellant' "].) Further, the trial court correctly observed in its October 18, 2019 ruling that every statement made by a trial court in ruling on an issue does not always appear in the minutes of the court, which is why the trial court requested (as is common) that the Drexlers, as prevailing movants, prepare a proposed order for the court's signature.[11] There is no evidence that the Drexlers or their

---

[10] The Ryckmans do not claim that, as in *Rochin v. Pat Johnson Manufacturing Co., supra,* 67 Cal.App.4th 1228, the trial court lacked fundamental jurisdiction to act.

[11] "It is a matter of trial court procedure whether the court chooses to make its final decision by the entry in the minutes of an order without a direction that a written order be prepared,

counsel exceeded the stated order of the trial court when they did so.  Indeed, the evidence is to the contrary: when the Ryckmans' grievance about the scope of the order was called to the attention of the judicial officer who made the ruling, he denied the Ryckmans' request to strike the rents and profits provision from the order after briefing and argument.[12]  Thus, the Ryckmans failed to demonstrate a probability of prevailing on their "independent action in equity" which sought to undo the sanctions orders.[13]

---

signed and filed, or elects to enter a direction that a formal order be prepared." (*Herrscher v. Herrscher* (1953) 41 Cal.2d 300, 304.)

[12] Although we hold that the Ryckmans failed to demonstrate minimal merit to their claim that the sanctions orders were obtained through extrinsic fraud for purposes of the anti-SLAPP motion, we express no opinion on the propriety of the trial court's evidentiary sanctions orders themselves as that issue is not before us in this appeal.

[13] Defendants' appellate brief requests that we impose sanctions for what they term a frivolous appeal.  The California Rules of Court require that any such request instead be made by way of a separate motion with a supporting declaration.  (Cal. Rules of Court, rule 8.276(a)-(b).)  We therefore decline to consider that request.

## DISPOSITION

The trial court's judgment is affirmed.  Defendants are awarded their costs on appeal.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.